# William H. Yoast *v.* Robert Beatty, Appellant.

*Practice, C. P.—Bills of exception—Stenographer's notes must be certified by judge as correct—Appeals.*

It is essential to the validity of the record that the stenographer's notes of evidence, exceptions and the charge when filed of record, should be certified to as correct by the signature of the judge. The judge may so declare either by formal bills with his seal, or he may adopt the notes of the stenographer as verity, and so declare by his certificate at the end of the stenographic report, certifying to its correctness as a whole.

In the case at bar at the end of what purports to be the stenographer's report of the trial, including the evidence and charge of the court, appears the following: " Charge approved and ordered filed," which entry was signed by the court. *Held,* that such certificate cannot be construed as the judge's approval or authentication of the stenographer's report of the evidence, and that the appeal must be quashed when the correctness of the instructions are assigned for error, inasmuch as the evidence, not being properly on the record, the assignments cannot be considered.

Argued Oct. 11, 1899. Appeal, No. 129, Oct T., 1899, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 231, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Assumpsit. Before AUDENREID, J.

It appears from the record that a statement was filed claiming $114, for damages for breach of contract for sale of land. The statement averred performance on part of plaintiff and nonperformance on part of defendant. Defendant pleaded non assumpsit, set-off, and payment with leave.

The court charged the jury as follows :

This case involves no question of fact for your consideration. [Under any aspect of the case plaintiff is entitled to the full amount of his claim, and you will render a verdict in his favor for $114 with interest from January 1, 1897.] [2]

Defendant's points which are as follows, and which were not read to the jury, refused.

1. It was the duty of the plaintiff to tender deed and purchase money to the defendant, and if he neglected to do this, he cannot recover.

2. Under all the evidence, the verdict should be for the defendant.

There also appeared at the end of the stenographer's report of the trial of the case, which included the testimony and charge of the court, the following entry of certificate:

"Counsel for defendant excepts to the refusal of the court to charge as requested, and also enters a general exception to the charge of the court.

"Counsel for defendant also requests that the charge be filed.

"Charge approved and ordered filed."

Verdict and judgment for plaintiff for $131.10. Defendant appealed.

*Errors assigned* were (1) in refusing to direct a verdict for defendant. (2) To portion of judge's charge, reciting same. (3) In directing a verdict for plaintiff.

*William H. Peace*, for appellee, moved to quash the appeal.

1. It is submitted that the stenographer's notes of the evidence at the trial should be certified or approved as correct by the trial judge, as there is no formal bill of exceptions.

2. The stenographer's transcript of the evidence on its face shows that five certain documents and writings offered in evidence by the plaintiff have not been spread upon the record and brought up, nor have the same been printed by the appellant in his paper-book, while appellant has taken care to print exhibit "A" (a writing he offered in evidence) which is not spread upon the stenographer's notes.

3. Now it is respectfully submitted that where it is sought to convict the court below of error, in giving binding instructions for the plaintiff, it is incumbent on the appellant to print all the evidence.

Rule 24 provides that the paper-book of the plaintiff in error, among other matters, shall contain "an appendix containing the evidence, and if necessary, the pleadings in full."

4. No pleadings are printed by the appellant.

5. The record showing the filing of the charge of the court does not affirmatively show the request to file was made before verdict, but after verdict; nor is there any time indicated when it was requested, or ordered to be filed, except the date indorsed

on the transcript of the stenographer's notes of evidence as filed June 10, 1899, which was twenty-six days after verdict.

On this point the appeal should be quashed under the authority of Curtis v. Winston, 186 Pa. 492, and Connell v. O'Neil, 154 Pa. 582.

Now as it does not appear by the record that the transcript of the evidence now before this court was certified to as correct or approved by the trial judge, and which was held to be indispensably necessary in Connell v. O'Neil, supra, then it follows logically, as was also decided in the latter case, page 590, " as to assignments of error in the charge if they are such as depend for their correctness or their application to the case on the evidence, and the evidence is not presented in a bill of exceptions, they cannot be considered, for they have no basis on which to rest."

This criticism applies to the present case on two grounds : first, the evidence at the trial is not approved on the record by the trial judge, and, second, the record itself shows the omission of certain documents, records and writings from the stenographer's notes and appellant's paper-book, which documents, etc., may have controlled the action of the court in directing the verdict.

In Com. v. Arnold, 161 Pa. 320, the Supreme Court said : " He (the judge) must make at least one (certificate) which discloses his belief that the stenographic notes are verity and that he so declares."

The judge made no certificate (except specially to his charge), therefore none of the evidence is part of the record and none of it is before this court; consequently, as was said by MITCH-ELL, J., in Hill v. Egan, 160 Pa. 119, " Even as to the charge, therefore, we could not pass upon it for want of the facts to which it related."

6. As was said by this court in Long v. Shull, 7 Pa. Superior Ct. 476, where the evidence given on the trial has not been brought up with the record, it is impossible for us to determine whether the points were correctly answered or not.

For further authority to quash the appeal for want of the judge's certificate, see Harris v. Traction Company, 180 Pa. 184.

*Charles J. Sharkey*, with him *F. Pierce Buckley*, for appellant.—The motion should be refused.

1. This court passed upon the matters involved in this motion when the petition for certiorari sur diminution was denied by this court on October 3, 1899.

2. The record discloses (*a*) exception to refusal of points; (*b*) exception to charge; (*c*) request to file charge; (*d*) approval by trial judge; (*e*) direction to file by trial judge; (*f*) signature of trial judge; (*g*) certificate of stenographer. "We are not disposed to stand on mere forms. That the record is true and the judge so declares is the substance, the form is not very material. He may so declare by formal bills with his seal, or he may adopt the notes of the stenographer as verity, and so declare by his certificate at the end of the stenographic report certifying to its correctness as a whole:" Com. v. Arnold, 161 Pa. 320.

3. The motion is without merit. The writings in full are not material, and there is no assignment of error as to them. The plaintiff could have had them spread in full upon the record of the court below. They are in appellee's possession, and he could have printed them in extenso in his paper-book if material to the disposition of this appeal.

OPINION BY RICE, P. J., January 17, 1900:

The matters assigned for error are the refusal of the court to direct a verdict for the defendant and the direction to render a verdict for the plaintiff. The plaintiff moved to quash the appeal for several reasons. We need notice but two. They are, first, because the stenographer's report of the evidence is not authenticated in any way by the trial judge; second, because the record does not show affirmatively that the charge was excepted to and the court requested to file it before verdict.

The modé of bringing upon the record for the purposes of review the evidence and the charge of the court, as it is affected by the laws authorizing the appointment of stenographers, has received much attention in recent years. More frequently the subject has been discussed with special reference to the charge, but a careful perusal of the decisions will show that the supervisory power and duty of the judge extend generally to that part of the record, whether charge or notes of evidence, made up by the stenographer.

In the case of Com. v. Arnold, 161 Pa. 320, where the whole

subject was elaborately considered, Mr. Justice MITCHELL said:
" We are not disposed to stand on mere forms. That the record is true and the judge so declares is the substance, the form is not very material. He may so declare by formal bills with his seal, or he may adopt the notes of the stenographer as verity, and so declare by his certificate at the end of the stenographic report certifying to its correctness as a whole. If he chooses to multiply his certificate by affixing one with his seal appended to every exception to the admission or rejection of evidence, that certainly will not affect the verity of the record. But the distinct assent of the judicial mind to the truth of that part of the record made up by the stenographer must appear of record by the certificate of the judge under his own hand. He may make as many certificates as he pleases, but he must make at least one which discloses his belief that the stenographic notes are verity and he so declares."

This evidently applies to the stenographer's transcript of the evidence as well as to his report of the charge. Indeed, the question distinctly raised in that case was as to the duty of the judge to certify to the former, and the conclusion upon the general question was, " that the stenographer's notes of evidence, exceptions, and the charge, when filed of record, should be certified by the signature of the judge." See also Connell v. O'Neil, 154 Pa. 582, Com. v. Fitzpatrick, 1 Pa. Superior Ct. 518, Heyer v. Piano Co., 6 Pa. Superior Ct. 504, Stout v. Quinn, 9 Pa. Superior Ct. 179, Woodward v. Heist, 180 Pa. 161, and Harris v. Traction Co., 180 Pa. 184. In the last cited case the stenographer's certificate, " that the foregoing notes of testimony are a true transcript from my shorthand notes taken in the case," was at the end of his report of the trial, which included not only the evidence but the charge, and under this certificate was written the word, " Approved," to which the trial judge added his signature. This was held not to be a proper authentication of the charge and the appeal was quashed. The case was very much like the present. Here, at the end of what purports to be the stenographer's report of the trial, including the evidence and the charge of the court, appears the following: " Charge approved and ordered filed." This is signed by the trial judge and is the only authentication by him of what precedes. It is suggested that there were good reasons why he

could not certify that it was a complete and correct report of the evidence, because, says counsel, it shows on its face that certain documents and writings offered and read in evidence are merely noted and not transcribed at length. It is not worth while to speculate as to the reasons which influenced the judge to word his certificate as he did, nor to discuss the sufficiency of the reasons suggested. It is enough for present purposes to say, that by no ingenuity of reasoning can the certificate above quoted be construed as the judge's approval or authentication of the stenographer's report of the evidence. For aught we know the omission may have been intentional, as was the case in Smith v. Times Publishing Co., 178 Pa. 481, and as was suggested in Harris v. Traction Co., supra. At all events the special and restrictive language of the order forbids the implication that more was intended than an approval of the report of the charge and a direction that it be filed.

Manifestly, the correctness of the instructions assigned for error in the present case cannot be determined without an examination of the evidence, and as the evidence is not properly on the record the assignments cannot be considered : Connell v. O'Neil, supra. It follows that the judgment must be affirmed or the appeal quashed.

The plaintiff's motion is allowed and the appeal is quashed.