### The R. Rothschild's Sons' Company, a Corporation Incorporated and Doing Business under the Laws of the State of Ohio, Appellant, v. E. F. McLaughlin.

*Certificate to stenographer's notes—Practice, C. P.*

The stenographer's notes of evidence, exceptions and charge when filed of record, should be certified by the signature of the judge.

A certificate of the trial judge in the following form is inadequate: " I certify that the above typewritten translation of the stenographer's report of the charge of the court and answers to the plaintiff's points are substantially correct;" this comes far short of what is necessary; it does not disclose that distinct assent of the judicial mind to the truth of that part of the record.

Argued Nov. 22, 1899. Appeal, No. 99, Oct. T., 1899, by plaintiff, from judgment of C. P. Delaware Co., June T., 1896, No. 141, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Replevin. Before CLAYTON, P. J.

This case was before the Superior Court on appeal as reported

in 6 Pa. Superior Ct. 347, where the facts and the charge of the court are set out in full.

It appears from the statement of counsel that a bill of exceptions was presented to the court within twelve days after the case was disposed of, and that the court without any objection of counsel for defendant refused to consider the bill of exceptions, and it was therefore withdrawn.   The record shows that immediately upon the case being submitted to the jury and before verdict, counsel for plaintiff excepted to the charge, and requested the court to order the testimony and charge of court transcribed and filed.   The following also appears from the record:

Mr. Geary: If your honor please, what I would also like to ask for is, an exception to the whole charge.   I make the request also to have the testimony and charge of court filed.

The Court: Let the testimony and charge of court be filed, but I will not permit you to have a general exception to the charge.

Mr. Geary: If the court please, I am only following the ruling of the Supreme Court.

Following the order of the court, the testimony, charge of court, and answers to plaintiff's points were transcribed and filed, were considered on the argument for a new trial, and the following certificate attached:

" I certify that the above and foregoing typewritten translation of the stenographer's report of the charge of the court and answers to plaintiff's points are substantially correct."

The learned court below also added the following certificate to the record as made up and returned to this court, including the testimony, charge of court, and plaintiff's points and answers:

" To the honorable, the judges of the Superior Court of the commonwealth of Pennsylvania, sitting at Philadelphia:

" The record and process, and all things touching the same, so full and entire as before us they remain, we certify and send, as within we are commanded."

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors* (1–19) were assigned to the charge of the court, (20–23) To answers to plaintiff's points.

*A. B. Geary,* for appellant.—The last case reported bearing on the question of the judge's certificate is Kerns v. Ins. Co., 11 Pa. Superior Ct. 209.

In that case the testimony was considered but the charge was not properly on the record because it was not certified by the judge to be correct, his certificate being as follows : " This was written out at defendant's request but is not a complete manu-'script."

The cases on this question are cited in the above referred to case, and the rule laid down in Curtis v. Winston, 186 Pa. 492, is approved.

We respectfully submit that we complied with the rule by excepting to the charge and having the court order it filed, before verdict.

*Albert Dutton MacDade,* for appellee.—It is submitted, as has occurred in this case, that where a bill of exceptions is tendered, it should be prepared in form, and presented to the judge within ten days after the verdict, or final disposition of the case on a motion for a new trial, arrest of judgment, or motion for judgment on points reserved, so that the same may be settled by the judge before whom the case was tried, otherwise, 'the judge shall not be required to seal the same, as was not done in this case, the bill being presented more than ten days after the final disposition of the case on a motion for a new trial, and, therefore, there is nothing in this case properly be-before this Court for review. See rules of courts of Delaware county, page 18, Rule 13, sections 3, 5.

To sustain the above contention, this Court is respectfully referred to the case of Kirkpatrick v. Lex, 49 Pa. 122.

OPINION BY BEAVER, J., February 16, 1900 :

None of the twenty-three assignments of error can be intelligently disposed of, without a consideration of the testimony taken in the trial in the court below; but it is not properly before us. The stenographer's report of the testimony is not certified by the court nor authenticated in any other way. Not only is it not authenticated but it comes to us in a very unsatisfactory condition. An addition is made at the end of it on different paper, in different colored ink, which is pasted and

attached by eyelets to what seems to have been the original transcript of the notes of testimony.

In the late case of Yoast v. Beatty, 12 Pa. Superior Ct. 219, the president judge of this court has laid down the rule, based upon numerous authorities therein cited, which must govern in cases like the present, "that the stenographer's notes of evidence, exceptions and charge, when filed of record, should be certified by the signature of the judge." The only certificate of the president judge of the court below, who tried the case, is, "I certify that the above and foregoing typewritten translation of the stenographer's report of the charge of the court and answers to plaintiff's points are substantially correct." This comes far short of what is necessary, as was pointed out by Mr. Justice MITCHELL in the case of Commonwealth v. Arnold, 161 Pa. 320, quoted in Yoast v. Beatty, supra, in which he sums up the whole subject as follows: "But the distinct assent of the judicial mind to the truth of that part of the record made up by the stenographer must appear of record by the certificate of the judge under his own hand. He may make as many certificates as he pleases, but he must make at least one which discloses his belief that the stenographic notes are verity and that he so declares."

It was stated at the argument of this case, by the appellant's counsel, that the stenographic notes of testimony were not only not certified by the judge but that he had distinctly refused to certify them for reasons which were not given. Whether the reasons were sufficient or insufficient does not appear, but the fact remains that the testimony is not authenticated in any way and, therefore, cannot be considered by us and, without its consideration, the assignments of error are meaningless. It follows that the appeal must be quashed or the judgment affirmed. There is no motion before us to quash the appeal and there is nothing left but to affirm the judgment, which is accordingly done.

Judgment affirmed.