# The Mutual Loan and Savings Association of Chambersburg *v.* National Surety Company, Appellant.

*Practice, Supreme Court—Appeals—Record—Motion to quash—Vacation of judgment.*

On appeal from a judgment entered on a verdict of a jury, where a motion to quash has been made on the ground that the charge and answers to points were not certified by the official stenographer who took the notes of the same upon trial, as required by Section 4 of the Act of May 1, 1907, P. L. 135, and it appears that the requirements of the Act of Assembly were not complied with because the official stenographer died shortly after the trial without having transcribed his notes, the motion to quash will be overruled and the judgment will be vacated and a venire facias de novo awarded.

Argued March 7, 1916. Appeal, No. 358, Jan. T., 1915, by defendant, from judgment of C. P. Franklin Co., Sept. T., 1913, No. 110, on verdict for plaintiff, in case of The

Mutual Loan and Savings Association of Chambersburg
v. National Surety Company.    Before BROWN, C. J.,
STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.
Judgment vacated.

Assumpsit on a bond.    Before GILLAN, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $5,422.50 and judgment thereon.    Defendant appealed.

*Errors assigned* were various instructions to the jury.

*Donald Thompson* and *Charles Walter,* of *Walter &
Gillan,* with them *J. A. Strite, Arthur J. Stobbart* and
*Blakeley & Calvert,* for appellant.

*O. C. Bowers,* with him *Sharpe & Elder* and *William
S. Hoerner,* for appellee.

PER CURIAM, April 17, 1916:

When this case was called for argument a motion was
made to quash the appeal, one of the reasons for the motion being that the "charge and answer to points were
not certified to by the official stenographer, who took the
notes of the same upon trial, in the manner and form
required by Section 4 of the Act of Assembly approved
the 1st day of May, A. D. 1907, P. L. 135." This is true,
but the requirements of the act of assembly were not
complied with because the official stenographer of the
court below died shortly after the trial, without having
transcribed his notes. Though this is admitted by counsel for the appellee, they insist upon their motion to
quash, instead of acting upon the suggestion to allow the
case to be heard on its merits, notwithstanding the condition of the record. Under the circumstances, we feel
that the only course to pursue to prevent possible injustice to the appellee, which is not blamable for the
condition of the record, is to remand the case for an-

other trial, that on appeal from any judgment that may be entered we may have a proper record. The judgment is, therefore, vacated and a venirè facias de novo awarded.