## The National Corporation v. Brown

*Jenkins, Bennett & Jenkins*, for plaintiffs.
*Herbert S. Levin*, for defendant.

BOK, P. J., March 28, 1957.—There having been a jury's verdict for plaintiff, defendant asks for a new trial. There is no allegation that the verdict was excessive, was against the law or the evidence, that there was no prima facie case to go to the jury or that there were any erroneous rulings.

Nor is there an allegation of any error in the charge.

The trouble with the record, in defendant's view, is that the charge does not appear in it.

What happened was that at the conclusion of the speeches the trial judge began to charge, and completed this duty without noticing that the court stenographer was absent. The trial judge, who is writing this opinion, did not look to see if the stenographer was there. He delivered himself of a fairly splendid charge and at the end asked counsel if they had any criticisms. They said they had none, and the judge then withdrew to his chambers. In a very few minutes counsel followed and told the judge what had happened.

The jury then being out, the judge offered to send for them to discharge them and grant a new trial at once if counsel wished. Both counsel, after reflection, declined, saying that they were satisfied that the charge was fair and accurate. It was agreed that the court should make a statement to this effect for the record, which was

done, and the statement appears at the end of the transcript, showing that both counsel assented.

Defendant then employed new counsel, who filed this motion, basing it solely on the absence of a transcript of the charge and assigning the reason that the requirement of a stenographic transcript in the Act of May 1, 1907, P. L. 135, secs. 3 and 4, is mandatory and cannot be waived. He cites Mutual Loan and Savings Association v. National Surety Co., 253 Pa. 351 (1916) ; Yoast v. Beatty, 12 Pa. Superior Ct. 219 (1899) ; Rothschild's Sons' Co. v. McLaughlin, 12 Pa. Superior Ct. 612 (1900). These cases concern stenographic notes which had not been certified by the trial judge or by the official stenographer, which is a different point; if there is in fact a stenographic transcript, it is obviously necessary that it be of certified accuracy.

The case of Heyer v. Piano Co., 6 Pa. Superior Ct. 504 (1898), although decided before the Act of 1907, contains this sensible dictum:

"It is the duty of the stenographer to take complete and accurate notes of the proceedings, evidence and charge, and to transcribe, for filing, a longhand or typewritten copy; but this transcription may be omitted in the discretion of the court, with the consent of counsel."

Justice was done for centuries before the automatic stylus was invented, and transcripts are such a recent requirement that we cannot regard it as an unwaivable right in the sense that the right to trial by jury cannot be waived in a first degree murder case.

Counsel agreed to do without a transcribed charge and took their chances on the verdict. Defendant, having lost and turned tail on his agreement, has little equity to complain, and we cannot believe that stenography is a stark mandate of the law despite an informed waiver. At least, if the professional integrity of an agreement between the court and both counsel

has become irrelevant in such a matter as transcribing testimony, the appellate courts must say so. We shall continue to regard the law as a profession and not as a manufactory of bear-traps.

The motion for a new trial is overruled.