Bonds, Appellant, *v.* Ohio River Company.

Submitted November 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

reargument refused April 12, 1971.

*Hymen Schlesinger*, for appellant.

*Anthony J. Polito*, and *Rose, Schmidt and Dixon*, for appellee.

OPINION BY SPAULDING, J., March 23, 1971:

This is an appeal by appellant Wiley Bonds, Jr., a seaman, from the denial of a new trial by the Common Pleas Court of Allegheny County. Appellant had instituted suit against appellee, The Ohio River Company, appellant's employer, alleging personal injuries sustained by appellant in a maritime accident on January 7, 1964. Appellant alleged negligence under the Jones Act (46 U.S.C.A. §688) and for unseaworthiness under general maritime law. He also pleaded a claim for maintenance and care.

Jury trial was held on November 27, 1967. As molded by the court, there was a general verdict for appellee with an award of $24 for maintenance to appellant.

After this appeal was filed by appellant it was ascertained that no transcript of the trial was available,

the official court reporter having lost the notes of testimony.

Numerous trial errors are alleged by appellant but we are here concerned only with the lack of a trial transcript.

It has long been the law of this Commonwealth that stenographic notes of testimony must be taken "in any trial of fact, at law or in equity", and that in any case in which an appeal is taken to the Supreme or Superior Courts, the notes must be transcribed at public expense. Act of May 1, 1907, P. L. 135, §§3, 7, 17 P.S. §§1804, 1809. See *Clift v. Philadelphia*, 41 Pa. Superior Ct. 638 (1910).

In *Mutual Loan and Savings Assn. of Chambersburg v. National Surety Co.*, 253 Pa. 351, 98 Atl. 600 (1916), a venire facias de novo was granted to prevent possible injustice where the transcript was available but not certified because of the stenographer's death. In *National Corporation v. Brown*, 186 Pa. Superior Ct. 46, 140 A. 2d 469 (1958), the right to a new trial where transcript of the charge was missing was recognized by implication. There, we affirmed on the opinion of the trial judge, President Judge Bok, at 12 Pa. D. & C. 2d 45 (1957). The court had "delivered himself of a fairly splendid charge", inadvertently overlooking the absence of the court stenographer. When this was recognized, the court immediately offered to grant a new trial, which counsel rejected, stating that they were satisfied that the charge was accurate. Solely because of this agreement, when new counsel raised the lack of transcript on post-trial motions, the right to a new trial was held to be *waived*.

Our Supreme Court has recently held that the right to transcript on appeal in a criminal case may have constitutional dimensions. *Commonwealth v. Anderson*, 441 Pa. 483, 272 A. 2d 877 (1971). The Court rea-

soned that while a transcript per se is not an absolute due process necessity, there must be at least an equivalent "picture" of what transpired below. The appellant's unwitting failure to request that the proceedings be recorded was held not to waive his right to a new trial based on the lack of transcript.

It must be stressed that the statutory basis of the right to a transcript in the instant case is stronger than that in *Anderson*. In a criminal trial, it is not mandatory that a record be made unless the defendant so requests, Act of May 1, 1907, §2, as amended, 17 P.S. §1802, whereas in a civil trial, the requirement is self-executing. Id., §3, 17 P.S. §1804.

The judgment of the court below is vacated and a new trial is granted.

WATKINS, J., dissents.