Thornbury Township and Copeland, Jr., et al., Intervenors, *v.* Jones.

Argued April 5, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and BLATT. Judge ROGERS disqualified himself and did not participate.

*Sondra K. Slade,* with her *Crawford & Diamond,* for appellant.

*Thomas A. Riley, Jr.,* with him *John S. Halsted* and *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.* and *Gawthrop & Greenwood,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 7, 1972:

This appeal arises from a decision of the Court of Common Pleas of Chester County reversing the order of the Thornbury Township Zoning Hearing Board denying a special exception to place apartments in an Agricultural and Residential District of the Township. In addition, the appellee, the owner and developer of the tract in question, has filed a motion to quash the appeal for failure to comply with the rules of this Court. We will grant the motion to quash.

The tract in question is split zoned Business and Agricultural-Residential, with 11 acres zoned commercial and approximately 216 acres zoned residential. The appellee proposes to locate apartments on 16 acres zoned residential as well as the 11 zoned business. This

use would be permitted on the 11 acres but prohibited on the 16 residential acres.

Section 203 of the Thornbury Township zoning ordinance provides as follows: "Where a district boundary cuts through a piece of ground held in single and separate ownership at the effective date of this ordinance, the regulations prescribed for the less restricted district in which the said piece of ground is partly situated may be extended, as a special exception, into the more restricted district such distance as the Board of Adjustment may deem equitable and proper under the circumstances of the particular case." The appellee, relying upon this section, sought a special exception for his split zoned tract. After an extensive hearing,[1] the Zoning Hearing Board denied the request, holding that Section 203 did not apply to such a large extension of a zoning district, and that the tract in question was subject to flood and traffic hazards. On appeal the Court of Common Pleas of Chester County reversed the Board on all three issues and directed the grant of the special exception. This appeal is from that order.

On July 2, 1971, the timely appeal was filed in this Court by one of the supervisors of Thornbury Township, himself a member of the Bar. On August 9, 1971, the record was lodged with the Prothonotary of this Court, and the appellant was notified that it was required to file briefs and record with this Court subject to the 30-day time limitation imposed by Rule 32A of this Court. Seven days thereafter, a praecipe for appearance on behalf of appellant was filed by a Chester County attorney.

When appellant failed to comply with the limitation of Rule 32A and had not filed a brief by September 22,

---

[1] A first hearing was held by the Zoning Hearing Board, but was set aside by the court below due to failure to meet statutory notice requirements.

1971, appellee filed a motion to quash the appeal. Finally, on November 10, 1971, after prompting by court personnel, appellant agreed to file its brief promptly. Again at the end of November 1971, the appellant agreed to tender a rough draft of its brief to appellee by December 8, 1971. Neither was done. In December 1971, counsel for the appellant was appointed to the bench of the Court of Common Pleas of Chester County, leaving the original supervisor-attorney as counsel for appellant, with the case listed by this Court for argument in February 1972.

Finally, just prior to the date of argument, appellant retained its present counsel. In a most efficient manner, the new counsel obtained a continuance in order to prepare the case, filed briefs and argued the appeal April 5, 1972. Unfortunately for this attorney, the prior conduct of her client and its counsel impel us to grant the longstanding motion to quash.

Rules of court, promulgated for the orderly administration of justice, cannot be ignored, but neither should they be used to defeat the ends of justice. *Commonwealth v. Davis*, 444 Pa. 11, 280 A. 2d 119 (1971).[2] In this case, we are of the opinion that it is appellant, by constant delay, who seeks to defeat the ends of justice. Therefore, although he has obtained his result by postponing disposition of this action, and although the Court is in a position to rule upon the merits of the appeal, we will nevertheless grant the motion to quash.

Courts are particularly reluctant to quash an appeal because of failure by counsel, especially if it would

---

[2] In *Arcari v. Hatch*, No. 23 January Term 1972, the Pennsylvania Supreme Court first quashed the appeal for failure to file briefs in compliance with the rules of court, then, in the pursuit of justice vacated that order and permitted the appellant to proceed, and finally quashed the appeal again for continued failure to prosecute the appeal.

result in an obvious injustice. *Arzinger v. Baughman*, 348 Pa. 84, 34 A. 2d 64 (1943). We do not find this reasoning applicable to the appeal before us for two reasons. First, the result herein was partially fostered by an appellant, the supervisor. Secondly, and more compelling, we do not believe that this decision will result in an injustice. Despite the persuasive presentation by appellant's counsel, the Court is in agreement with the lower court that the Thornbury Township Zoning Hearing Board erred in not granting the special exception.[3] Therefore, we issue the following

## ORDER

AND NOW, this 7th day of July, 1972, the motion to quash the appeal of Thornbury Township is hereby granted.

----------

[3] We make this observation mindful that we are reviewing the decision of the Zoning Hearing Board for abuse of discretion or error of law. *Bidwell v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 327, 286 A. 2d 471 (1972) ; *Lower Providence Township and Wood v. Ford*, 3 Pa. Commonwealth Ct. 380, 283 A. 2d 731 (1971).