## Commonwealth *v.* Olinger.

Argued November 2, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Allen N. Brunwasser,* for appellee.

OPINION BY JUDGE KRAMER, January 11, 1973:

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Allegheny County sustaining the appeal of Joseph E. Olinger (Olinger) from a suspension of Olinger's motor vehicle operator's license by the Secretary of DOT.

The pertinent facts are that on December 16, 1968, Olinger was apprehended for a violation of Section 624(6) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §624(6), charging that

Olinger operated a motor vehicle while his operator's license was under a prior suspension. On September 5, 1969, in criminal court Olinger was found guilty of the beforementioned charge and sentenced to pay a fine and costs. After receiving the court's certification of said conviction, the Secretary of DOT suspended Olinger's operating license on October 6, 1969, for a one year period, effective January 6, 1970. After receiving the notice of suspension, Olinger appealed the suspension to the Court of Common Pleas of Allegheny County in which a supersedeas was granted on January 9, 1970. Olinger's operating privileges were thereby restored on January 15, 1970. After at least two continuances the matter was heard by the lower court on October 22, 1970, at which time the matter was again continued for a hearing de novo on October 26, 1970. At this later date a full hearing was held. On January 7, 1971, the court below sustained the appeal as hereinbefore stated. On February 3, 1971, DOT filed an appeal in this Court. On February 11, 1971, Certiorari was filed in the lower court. The record discloses that the official notes of testimony for the short transcript disclosing the continuance held October 22, 1970, were filed March 3, 1971. Nothing further transpired in this case until January 18, 1972, at which time the lower court record was filed with the Prothonotary of this Court.[1] On February 24, 1972, Olinger filed a Motion To Quash the appeal contending that DOT had not followed the rules of this Court, in failing to file the printed record within the prescribed time.[2] On March

---

[1] The disarray with which this case has been handled is evidenced by the fact that the official notes of the hearing held on October 22, 1970, were not certified by the lower court judge as required by Section 4 of the Act of May 11, 1911, P. L. 279, 12 P.S. §1199.

[2] In its answer, the Commonwealth admits that it did not file its brief within the prescribed limits of the rules of this Court.

7, 1972, Olinger filed a petition requesting that the case be transferred to the next argument list to be held in Pittsburgh. In response to these last two mentioned pleadings, President Judge BOWMAN of this Court issued the following order:

"And now this 10th day of March, 1972, upon motion of Allen N. Brunwasser, attorney for appellee-petitioner at No. 87 C.D. 1971, it is hereby ordered as follows:

"1.   The case shall be heard on the next 1972 argument list in Pittsburgh, Pennsylvania & stricken from April List at Harrisburg.

"2.   The Commonwealth is directed to print the testimony taken before the lower court on October 26, 1970 forthwith." On May 2, 1972, Olinger filed a Motion To Dismiss the appeal contending that DOT had failed to comply with the above-quoted order of this Court, and that DOT has continued a deliberate failure to follow the rules of this Court. The record indicates that DOT filed an answer to both the Motion To Quash and the Motion To Dismiss.

Our close scrutiny of the entire court record presently lodged in this Court discloses that the transcript of the testimony and other matter pertaining to the hearing before the court below held on October 26, 1970, has never been filed in the records of the lower court, and therefore was not printed by DOT. The record does disclose that on May 17, 1972, DOT filed with this Court four sheets of paper, which may be described as follows: (1) a letter by the Assistant Attorney General handling the case for DOT, addressed to the Prothonotary of the Court of Common Pleas of Allegheny County, requesting a transcript of the testi-

---

It should be noted that this alone can be sufficient grounds for granting a motion to quash if justice will not be denied. *See Thornbury Township v. Jones*, 6 Pa. Commonwealth Ct. 69, 293 A. 2d 149 (1972).

mony of the October 26, 1970, proceedings before that court; (2) a copy of the said order of this Court, dated March 10, 1972; (3) a notarized statement by the official court reporter of the court below declaring that he was assigned to the judge hearing the case on October 26, 1970, and that he did not take any stenographic notes pertaining to the case; and (4) a notarized statement of one Walter Lesniak, who is not otherwise identified, stating that the docket entries in the office of the Prothonotary of the Court of Common Pleas of Allegheny County do not show any entry as to testimony taken in that court on October 26, 1970.

This Court listed this case for argument at Pittsburgh on November 2, 1972. The brief presented by DOT was restricted entirely to the merits of the case, whereas the brief of Olinger touches upon not only the merits but also the procedural aspects of this case, directed towards his Motion To Dismiss the appeal.

The position of DOT that the preparation of the notes of testimony taken at the October 26, 1970, hearing is beyond its control is understandable. However, when this Court ordered DOT to print the testimony taken before the lower court, DOT was imposed with a duty which was not fulfilled by its mere writing of a letter requesting same. If DOT was unable to obtain the transcript as the record would certainly support, DOT should have made some movement towards protecting itself on the record. DOT could have petitioned this Court for a vacation or an amendment of this Court's order. It did neither.

DOT was content to sit idly by until the argument of this case and then, without compliance of this Court's order, attempt to proceed with the argument of this case on its merits. This case could in no way be argued before, presented to, or considered by this Court without that necessary portion of the record. Without the transcript of testimony there is no way this Court can

determine whether or not the court below abused its discretion or committed an error of law. It is conceivable that this Court has the power to remand this case back to the lower court for a hearing de novo on the merits, even though the judge who heard this case on October 26, 1970, is no longer a judge of that court. We are fully aware of the case of *Bonds v. Ohio River Company*, 220 Pa. Superior Ct. 9, 275 A. 2d 883 (1971), where our Superior Court held that by virtue of the Act of May 1, 1907, P. L. 135, §§3, 7, 17 P.S. §§1804, 1809, a case should be remanded where the court stenographer fails to prepare notes of testimony. This case is distinguishable from *Bonds* in that here DOT failed to take appropriate action with regard to an order of this Court. This failure coupled with its failure to comport to the rules of this Court amounts, in effect, to a lack of prosecution. If the merits of this case had far-reaching effect upon the public, or upon the law, we might be disposed to remand. However, in these days of crowded dockets and overburdened judges, we are not disposed to correcting the errors of counsel, especially when the record does not indicate any disposition on the part of counsel to take procedural avenues which were available to protect his case, and to make a diligent effort to perfect the record so that this Appellate Court may rule on the case.

This case is almost four years old. The time and effort of attorneys, judges and court personnel have been expended in an effort to obtain justice under the law. To further prolong it by a remand back to the lower court with the possibility of yet another appeal takes a slap at fairness, which our system of justice holds as its ultimate goal. The principle of fairness dictates a final resolution of this case, and we deem it our duty to conclude the matter.

Based upon the above discussion, we enter the following:

## Order

And Now, this 11th day of January, 1973, upon motion of Allen N. Brunwasser, attorney for Joseph E. Olinger, appellee, upon a failure of the Department of Transportation to perfect the record in this case and upon failure to comply with an order of this Court, the appeal of the Commonwealth of Pennsylvania, Department of Transportation, is hereby ordered to be and is dismissed.