Cambria Savings and Loan Association, a Pennsylvania Corporation *v.* John V. Capozzi and Margaret A. Capozzi, his wife. County of Allegheny, Appellant.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

190

*Robert S. Barker*, Assistant County Solicitor, with him *Alexander J. Jaffurs*, County Solicitor, for appellant.

*David R. Cashman*, with him *Franklyn E. Conflenti*, and *Cauley, Birsic & Conflenti*, for appellees.

OPINION BY JUDGE ROGERS, July 11, 1979:

John V. Capozzi and Margaret, his wife, defendants in an equity suit in the Court of Common Pleas of Allegheny County, appealed a final decree in favor of the plaintiff, the Cambria Savings and Loan Association, to the Pennsylvania Superior Court. The record transmitted to the Superior Court by the Prothonotary did not include a transcript of the notes of testimony because the court reporter of the common pleas court would not transcribe them unless he was paid for doing so at the prevailing rate of $1.30 per page. The Superior Court returned the record to the trial court with directions to resolve the question of who was obliged to pay the cost of transcribing the notes and to return the complete record to the Supe-

rior Court. The Allegheny Court of Common Pleas then ordered the court reporter to prepare the transcript without prejudice to his right to recover appropriate fees, and scheduled a hearing on the issue of liability for costs. Both the County of Allegheny and the official court reporters were allowed leave to intervene in the proceedings. The court ordered the County to pay to the court reporters thirty cents for each one hundred words transcribed, as provided by Section 8 of the Act of May 1, 1907, P.L. 135, *as amended*, 17 P.S. §1810, and ordered the Capozzis, as appellants, to pay the court reporters the difference between the prevailing rate and the cost imposed on the County by statute. The County appealed from this order. We affirm.

The duty of the official court reporter to transcribe his notes when an appeal is taken is set forth in Pa. R.A.P. 1922(a), and the action of the court below in this respect is not in issue. As noted, the court ordered the County to pay thirty cents for each one hundred words of the transcript on the authority of Section 8 of the Act, 17 P.S. §1810, which provides:

> Every official stenographer shall be paid . . . thirty cents for each one hundred words of every copy of the stenographic notes of trials and of other matters in connection with the business of the court, that are furnished to the court or filed of record, and ten cents for each one hundred words of every copy that is given to counsel or to parties, if ordered so that they may be typewritten at the same time with the filing copy; payment for the copies to be made by the county in which the case is pending, or for which the work is performed upon the order of the presiding judge.

*Effective July 27, 1979,* Section 8 is repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [899].

Allegheny County argues, however, that the Act of May 1, 1907, was suspended by the Rules of Appellate Procedure. Pa. R.A.P. 5105(h) provides:

These rules are intended to provide a complete and exclusive procedure relating to appellate practice and procedure and, except as provided in Rule 5106 (statutes saved from suspension), all statutes relating to practice and procedure are hereby suspended to the extent inconsistent with these rules.

Since the Act of May 1, 1907 is not expressly suspended by any other Rule, it is effective unless inconsistent with a Rule. There is no inconsistency.

Pa. R.A.P. 2771 provides that "[c]osts incurred in the preparation and transmission of the record, the costs of the notes of testimony or other transcript, if necessary to a determination of the appeal . . . shall be taxed in the lower court as costs of the appeal in favor of the party entitled to costs under this chapter." There is no Rule allocating the costs initially. In contrast, Pa. R.A.P. 2155 places the initial cost of *reproducing* the record upon the appellant, and Pa. R.A.P. 2742 provides that the costs of paperbooks, including copies of the original record, are taxable in the appellate courts. In the absence of a provision in the Rules concerning the burden of paying for the preparation of the transcript when done, there is no inconsistency between the Rules and the Act of May 1, 1907. Nor is there any inconsistency between any Rule and the court's imposition on the appellants of the difference between the amount ordered to be paid by the County and the prevailing rates charged by the reporters.

Since the matter may become an issue, we express our view that the payment by the County ordered by the court is not a cost of appeal and is not therefore taxable against any party.

Order affirmed.

### ORDER

AND Now, this 11th day of July, 1979, the order of the Court of Common Pleas of Allegheny County, dated September 14, 1978, is affirmed.