432 A.2d 1016

**Carol A. MANSFIELD**

v.

**Scott T. LOPEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1981.

Filed July 17, 1981.

William Butler, IV, West Chester, for appellant.

William Lamb, District Attorney, West Chester, for appellee.

Before SPAETH, JOHNSON and WIEAND, JJ.

SPAETH, Judge:

This is an appeal from an order based upon a finding that appellant is the father of appellee's child, Daniel, and directing appellant to pay $10.00 a week in support of the child. Since the lower court's official stenographer took no stenographic notes of the testimony, we reverse and remand for new trial.

On February 29, 1980, appellee filed a complaint against appellant under the Civil Procedural Support Law,[1] seeking support for her child. On June 19, 1980, a non-jury trial was held, at which appellant, representing himself, denied paternity. On June 24, 1980, the lower court entered its order directing appellant to pay child support.

In its opinion explaining its order, the lower court states:

> The practice of this County regarding non-support hearings is that they are not stenographically recorded unless either party requests that they be. Hence, the only records of this proceeding are the Court's Bench notes and recollections.

(Slip op. at 2, footnote 1)

Relying on its practice, the lower court rejected appellant's argument that "he was not offered the use of stenographic means of recording testimony, thereby preventing him from effectively exercising his right of appeal." (Slip op. at 2–3.) We are unable to accept the lower court's decision, for the practice on which the court relied is contrary to law.

■ The Act of May 1, 1907, P.L. 135, § 3, 17 P.S. § 1804, provides:

> The official stenographers of the several courts of common pleas, when engaged in such courts, or in the courts of oyer and terminer, general jail delivery and quarter sessions of the peace, shall take full stenographic notes of the testimony in all judicial proceedings in any trial of fact, at law or in equity, together with the judge's charge, and of any and every ruling, order, or remark of the trial

1. 42 Pa.C.S.A. § 6701 *et seq.*, Act of April 28, 1978, P.L. 202, No. 53, § 10(88) eff. June 27, 1978, formerly 62 P.S. § 2043.33.

judge, or judges, relating to the case on trial, made in the presence of the jury, in any stage of the proceedings, to which ruling, order or remark either party may except in the same manner and with the same effect as is now practiced in relation to the judge's charge; and upon any trial without a jury, shall likewise report the proceedings, including the testimony of all witnesses examined and matters offered in evidence, and the rulings of the court upon the admission or rejection thereof, and the findings of the court. And it shall also be the duty of such stenographers to take full stenographic notes of such other matters, in connection with the business of the courts, as the judges of the respective courts, from time to time, may direct.

The lower court's practice is contrary to these provisions, which could not say more plainly that "full stenographic notes of testimony" "shall" be taken in "any trial." *And see Bonds v. Ohio River Co.*, 220 Pa.Super. 9, 275 A.2d 883 (1971) (in any case in which an appeal is taken to Supreme or Superior Court, notes must be transcribed at public expense.)

The Act of May 1, 1907, *supra,* 17 P.S. § 1804, was repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [899], 42 Pa.C.S.A. § 20002(a) [899]. The repeal, however, was a qualified one, and does not affect our decision here. When the Judiciary Act Repealer Act was enacted, a Disposition Table was prepared, showing whether, and if so, where, the subject matter of the repealed statutes appears in the Judicial Code enacted by the Judiciary Act of 1976, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.S.C.A. § 101 *et seq.* Reference to this Disposition Table shows that the subject matter of the Act of May 1, 1907, *supra,* 17 P.S. § 1804, appears in § 1722(a)(1) of the Judicial Code, which provides:

(a) General rule.—The governing authority shall have the power to prescribe and modify general rules governing:

(1) Practice, procedure and the conduct of all courts, district justices and all officers serving process or enforcing orders of any court or district justice and for admission to the bar and to practice law, and the administration of all courts and the supervision of all officers of the judicial branch, if such rules are consistent with the Constitution of Pennsylvania and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or district justice, nor suspend nor alter any statute of limitation or repose. All statutes shall be suspended to the extent that they are inconsistent with rules prescribed under this paragraph.

The "governing authority" is defined as the Supreme Court or an agency or unit of the judicial system exercising a power delegated to it by the Court. 42 Pa.C.S.A. § 102. Accordingly, it is plain that the Supreme Court may by general rule prescribe when stenographic notes of testimony must be taken, and that if the Court does so prescribe, its rule will supplant the provisions of the Act of May 1, 1907. However, the Supreme Court has not so prescribed.

It follows that the Act of May 1, 1907, remains in effect, and that therefore the lower court was obliged to comply with its requirement of full stenographic notes. This is so because the provision of the Judicial Code, that "[a]ll statutes [such as the Act of May 1, 1907] shall be suspended to the extent that they are inconsistent with the rules prescribed under this paragraph," 42 Pa.C.S.A. § 1722(a), necessarily implies that if no such inconsistent rules are prescribed, the statute in question is not suspended.

The correctness of this conclusion is confirmed by reference to the provisions of the Judicial Code that even if rules are prescribed, which are inconsistent with the statute in question, still, the rules will not be effective, and therefore will not suspend the statute in question, unless they are "consistent with the Constitution of Pennsylvania and neither abridge, enlarge nor modify the substantive rights of

any litigant ...." 42 Pa.C.S.A. § 1722(a)(1). A rule prescribing the practice of the lower court would not satisfy this requirement. Appellant had a right under the Constitution of Pennsylvania to appeal the lower court's decision. Pa. Const., Art. 5, § 9. A rule depriving him of stenographic notes of testimony would abridge this right, for it would render his appeal meaningless.[2]

The Commonwealth suggests in its brief that

The existence of a record is not required to dispose of any issues raised on this appeal. The lack of a record does not deny Appellant the means to present a viable defense. Brief of Commonwealth at 5.

We are unable to accept this suggestion. In his brief, appellant argues:

The only undisputed evidence against Appellant ... was a single admitted act of intercourse with the Prosecutrix (seven (7) months before the birth of the child) and a photograph of the child (whom the Judge found to bear a resemblance to Appellant ... Opinion of Lower Court, p. 2). Appellant was not accorded the effective right to cross-examine the Prosecutrix, or to establish non-paternity by comparative blood samples.

Brief for Appellant at 3.

Without a transcript, it is impossible to determine whether there is any merit to any of these arguments. Furthermore, appellant argued to the lower court that he had not intelligently waived his right to counsel. (Slip op. at 2) Rejecting this argument, the lower court said that appellant

was advised twice that the hearing would be delayed so that he could consult counsel, and of the importance of consulting counsel. We believe that [appellant] under-

---

**2.** We do not suggest that a litigant could not waive his right to stenographic notes. If a record were to demonstrate that the litigant had been advised of his right to notes, and understood that by not getting them he would render his Constitutional right to appeal meaningless, waiver might be found. Since a Constitutional right is involved, however, the waiver would have to be clear. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *United States ex rel. Turner v. Rundle*, 438 F.2d 839 (3d Cir. 1971); *Scatena v. Brierley*, 310 F.Supp. 406 (W.D.Pa.1970).

stood what the Court and Domestic Relations Office told him concerning representation by counsel, but nevertheless felt confident that he could adequately represent himself, and he was anxious to proceed.

Slip op. at 4–5.

Without a transcript of what appellant was told and of his response, it is impossible to determine the correctness of these remarks.[3]

Where in a civil proceeding a transcript has not been made, or is not available, the proper remedy is to remand for a new trial. *Mutual Loan and Savings Assn. of Chambersburg v. National Surety Co.*, 253 Pa. 351, 98 A. 600 (1916) (transcript made but could not be certified because of stenographer's death); *Bonds v. Ohio River Co., supra* (no transcript made because court reporter lost notes of testimony). Therefore, we shall reverse and remand for a new trial, at which "full stenographic notes of the testimony" shall be taken, as required by the Act of May 1, 1907, *supra*, 17 P.S. § 1804.[4]

SO ORDERED.

WIEAND, J., files a concurring statement.

3. As noted below, footnote 4, the proceedings before the lower court were civil in nature. Appellant, therefore, did not have the same right to counsel as one who is charged with a criminal offense. *See* U.S.C.A. Const. Amend 6; P.S. Const. art. 1, § 9; *Commonwealth v. Bracero*, 262 Pa.Super. 189, 396 A.2d 709 (1978). *See also Snyder v. Port Authority of Allegheny County*, 259 Pa.Super. 448, 393 A.2d 911 (1978).

4. Appellant has also argued that the lower court erred in not requiring proof of paternity beyond a reasonable doubt. This argument is without merit. To be sure, paternity actions were once governed by criminal law. *See* Wilful separation or nonsupport, 18 P.S. § 4731, Act of June 24, 1939, P.L. 872, § 731, Act of July 5, 1957, P.L. 481, § 1; and Neglect to support a bastard, 18 Pa.C.S.A. § 4323, Act of December 6, 1972, P.L. No. 1482, No. 334, § 1, eff. June 6, 1973. Under the Act of July 13, 1953, P.L. 431, as amended, Act of August 14, 1963, P.L. 872, 62 P.S. § 2043.31 *et seq.*, a defendant contesting paternity had the choice of having the proceedings governed by civil law (preponderance of the evidence) or criminal law (beyond a reasonable doubt). *See Commonwealth ex rel. Johnson v. Peake*, 272 Pa.Super. 340, 415 A.2d 1228 (1979); *Armstead v. Dandridge*,

574

WIEAND, Judge, concurring:

I concur in the majority's reasoning that appellant has a right, founded on statute, to have a stenographic record made of his trial, and that a local practice or custom to the contrary is invalid. Having decided that issue, I find it unnecessary ___ it may also be fraught with unanticipated consequences ___ to suggest that the right to a stenographic record has constitutional dimensions which impinge upon the manner in which that right can be waived. Neither party has raised or argued the constitutional issue, and I do not decide it.

257 Pa.Super. 415, 390 A.2d 1305 (1978); *Commonwealth ex rel. Yentzer v. Carpenter*, 240 Pa.Super. 202, 362 A.2d 1101 (1976); *Commonwealth ex rel. Lonesome v. Johnson*, 231 Pa.Super. 335, 338, 331 A.2d 702, 704 (1974); *Commonwealth v. Jacobs*, 220 Pa.Super. 31, 279 A.2d 251 (1971). However, this choice was removed by the Civil Procedural Support Law now in effect, and under which the present action was brought:

> An action commenced under this act shall be a civil action in accordance with the Rules of Civil Procedure. Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be by the court without a jury unless either party demands trial by jury. The trial, whether or not a trial by jury is demanded, shall be a civil action and there shall be no right to a criminal trial on the issue of paternity. The burden of proof shall be by a preponderance of the evidence.
> 42 Pa.C.S.A. § 6704(f).