In Re: Matter of Revocation of Restaurant Liquor License No. R-6703 and Sunday Sales Permit No. SS-67. Duquesne Pub, Inc., Sandroni's Pub *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued October 5, 1981, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*J. Leonard Langan,* Chief Counsel, for appellant.

*William D. Anthony, Luke & Anthony,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 18, 1982:

The Duquesne Pub, Inc. (Pub) petitions to quash an appeal by the Liquor Control Board (LCB or Board) from an Allegheny County Common Pleas Court order. We dismiss the petition.

Pub's license was suspended for Liquor Code[1] violations. The Common Pleas Court vacated the suspension and imposed a fine, which the Board appealed here. When the official court reporter failed to transcribe the notes of testimony,[2] the Commonwealth Court Prothonotary sent a delinquency notice to the trial court judge[3] since the lower court clerk could not

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101.

[2] The record for appeal is composed of the original papers and exhibits filed in the lower court, *the transcript of the proceedings,* and a certified copy of the docket entries. Pa. R.A.P. 1921.

[3] Pa. R.A.P. 1935 requires the Prothonotary to promptly notify the responsible judge of any delinquency in the transmission of a record for appeal.

transmit a complete record to this Court.[4] The trial judge then ordered the LCB to arrange for the transcription and payment of the testimony transcript.[5] When the Board did not comply, the Pub petitioned this Court to quash the appeal. The Board argues that the lower court must arrange for the transcription and that Allegheny County must bear the costs for the original transcript.

It is well established that stenographic notes of testimony must be taken in any trial of fact, at law or in equity. *Bonds v. Ohio River Co.*, 220 Pa. Superior Ct. 9, 11, 275 A.2d 883 (1971). Pa. R.A.P. 1922(a) requires the official court reporter to transcribe the testimony notes and to lodge the transcript with the lower court clerk within fourteen (14) days after the appeal notice is received. Pa. R.A.P. 1931 requires the trial court judge to cause the court reporter to comply with Rule 1922.

Stenographers are recognized as part of the judicial machinery, and therefore it is *the court's* obligation to assure that the reporter's duties are performed without delay. *Commonwealth v. Ezell*, 212 Pa. 293, 61 A. 930 (1905). The *trial judge* is expected to employ the sanctions necessary to assure the orderly administration of justice. *Commonwealth v. Morgan*, 469 Pa. 35, 38 n. 2, 364 A.2d 891, 892 n. 2 (1976) (per curiam). The Pennsylvania Rules of Appellate Procedure recognize

---

[4] Pa. R.A.P. 1931(c) requires the lower court clerk to transmit the complete record to the appellate court.

[5] The order mandated that the LCB:

within ten (10) days from the receipt of this Order, arrange for the transcription and payment of the transcript of testimony. Upon failure or refusal of the Appellant to comply with this Order, the Administrative Judge of the Civil Division of the Court of Common Pleas of Allegheny County will Petition the Appellate Court to Quash the Appeal.

that it is inappropriate for counsel for the losing party below to be responsible for goading the court reporter to transcribe the testimony notes. Pa. R.A.P. 1935, Note.

The Pub cites *Cambria Savings & Loan Association v. Capozzi*, 44 Pa. Commonwealth Ct. 189, 403 A.2d 208 (1979),[6] as supporting the lower court's order. The distinction, however, between *Cambria* and this case is striking. In *Cambria*, the lower court *first* ordered the court reporter to fulfill his obligation by preparing the transcript. Only after this was done was the transcription cost issue resolved. Also, the common pleas court in *Cambria* did not impose the total transcription cost on the appellant. Here, however, the trial judge unwittingly attempted to avoid his responsibility by ordering the Board in the first instance to goad or cajole the court reporter into executing what he, the reporter, is required by court rules to do. Furthermore, the trial judge attempted to burden the LCB with the *entire* transcription cost.

We note the interplay between Chapter 50 of the Rules of Judicial Administration, 201 Pa. Code, Rule 5000.1 (entitled Uniform Rules Governing Court Reporting and Transcripts, hereinafter "Uniform Rules") and the Pennsylvania Rules of Appellate Procedure. The Uniform Rules govern the qualifications and duties of the official court reporters, transcript

---

[6] In *Cambria*, the court reporter would not transcribe the notes of testimony until he was paid the prevailing rate for doing so. The Superior Court returned the incomplete record and directed the trial court to determine who was obliged to pay the transcribing costs. The common pleas court then ordered the court reporter to prepare the transcript without prejudice to his right to recover appropriate fees. Following a hearing, at which both the county and the official court reporters were granted leave to intervene, the lower court ordered the county to pay the rate statutorily prescribed and the appellants to pay the reporter the difference between the statutory and prevailing rates. We affirmed.

fees, delivery deadlines and other indicia relating to the reporting system. Initially, we note that, since the Uniform Rules' effective date is July 15, 1981, and since the instant procedural posture essentially took form prior thereto, the application here of these Uniform Rules is arguable.

In any event, we find no inconsistency between the Uniform Rules and the Rules of Appellate Procedure. The Uniform Rules do not relieve the court reporter of his duty to transcribe promptly the notes of testimony.[7] Neither do these Rules indicate that anyone but the trial court judge is responsible for compelling the reporter to complete promptly the transcription for appeal. We recognize that the Appellate Procedure Rules constitute an integrated whole for efficiently processing an appeal and that the Uniform Rules were not meant to impede the orderly appellate administration. Therefore, any issue of cost liability should not delay the appellate process.

We conclude that the *trial judge* must compel the court reporter to transcribe the notes of tesimony and, therefore, it was legally improper for this duty to be shifted to the Board. It was also improper for the LCB to be burdened with the entire transcription cost. Following the procedure set out in *Cambria*, the lower court judge first must order the court reporter to prepare the transcript without prejudice to his right to recover his fee. Absent mutual agreement, a hearing then must be held to determine cost liability. The orderly administration and expedition of justice so requires.

---

[7] 201 Pa. Code, Rule 5000.11(b), permits the reporter to refuse to deliver the transcript until the balance for his services is fully paid or adequate security is posted. This self-help remedy, however, cannot be utilized where, as here, the Commonwealth may be liable for the transcript cost. *See* 201 Pa. Code, Rule 5000.6.

The Petition to Quash the Board's appeal is dismissed.

ORDER

The Duquesne Pub, Inc.'s Petition to Quash the Liquor Control Board appeal is dismissed. The Allegheny County Common Pleas Court order, dated July 13, 1981, mandating the Liquor Control Board to arrange for the transcription and payment of the testimony transcript, is vacated. Judge NICHOLAS PAPADAKOS, Administrative Judge of the Civil Division of the Allegheny County Common Pleas Court, is directed to order the official court reporter to prepare the transcript in this matter for appeal, and to resolve the question of who is obliged to pay the transcribing costs in accordance with this Opinion. Judge PAPADAKOS is further ordered to assure that a complete record, including the transcript and all exhibits, is transmitted to this Court's Prothonotary in accordance with the Pennsylvania Rules of Appellate Procedure, within thirty (30) days of this Order's date.

Judge PALLADINO did not participate in the decision in this case.