462 A.2d 798

Victoria E. TAGGART

v.

William E. TAGGART, Appellant.

Superior Court of Pennsylvania.

Submitted May 4, 1983.

Filed July 1, 1983.

C. Richard Morton, West Chester, for appellant.

Lee Ruslander, Assistant District Attorney, West Chester, for appellee.

Before McEWEN, CIRILLO and HOFFMAN, JJ.

PER CURIAM:

Appellant has taken this appeal from an order directing him to pay support to his wife and daughter in the amount of Two Hundred Dollars ($200.00) per week. Since the order appealed from is not a final order of support, we are compelled—as the parties themselves concede we must—to quash the appeal.

Appellee filed a complaint under the Civil Procedural Support law against appellant on December 27, 1979, seeking support for herself and her child. After a hearing on March 20, 1980, the Court of Common Pleas entered an order dated March 25, 1980, directing appellant to pay Two Hundred Dollars ($200.00) per week for the support of his wife and one child and directing that he receive credit toward the full amount of the support order for payments made on the mortgage, taxes and insurance in connection with the family home. Appellant thereafter filed a petition

for reconsideration and requested a rehearing but the court refused this application by order dated April 3, 1980. The order granted appellant the right to file, within ten (10) days, exceptions to the proceedings of March 20 and to the order of March 25, 1980 but also directed appellant to continue to pay support in compliance with the order of March 25, 1980. Appellant filed timely exceptions to the order and a hearing was set for June 11, 1980. However, prior to the scheduled hearing, counsel for appellant filed an appeal to this court from the support order, the effect of which was to divest the Common Pleas Court of jurisdiction to further proceed with the adjudication of the merits of those exceptions. *See* Pa.R.A.P. 1701(a). It is well established that an order of court dismissing exceptions following a non-jury trial which has not been reduced to judgment and docketed is interlocutory and nonappealable. *Goldberg v. Goldberg*, 292 Pa.Super. 318, 437 A.2d 64 (1981); *Murray v. Abcon, Inc.*, 291 Pa.Super. 428, 435 A.2d 1301 (1981). An appeal from such an order is premature and must be quashed since this court lacks jurisdiction to consider it. The same is also true when an appeal is taken following a non-jury trial but before the court *en banc* has ruled on exceptions. "In an action tried without a jury, an appeal is premature if entered before exceptions have been disposed of..." *Goodrich-Amram* 2d § 1038(e). *See* Pa.R.C.P. 1038. Thus, there exists no appealable order in this case and we must quash this appeal as one having been taken from an interlocutory order. *See Commonwealth ex rel. Nixon v. Nixon*, 312 Pa.Super. 313, 458 A.2d 976 (1983); *Paul v. Paul*, 281 Pa.Super. 202, 211, 421 A.2d 1219, 1223–24 (1980).

We are further constrained to observe that disposition of the exceptions and the entry of a final and appealable order of support will not cure the inadequacy of the record before us. At the time of the proceedings in the Common Pleas Court, the practice in non-support hearings was to refrain from making a stenographic record unless counsel for either party requested that a stenographic

record be made. In *Mansfield v. Lopez*, 288 Pa.Super. 567, 432 A.2d 1016 (1981), this court declared that practice improper and contrary to the Act of May 1, 1907, P.L. 135, § 3, 17 P.S. § 1804 which provides:

> The official stenographers of the several courts of common pleas, when engaged in such courts or in the courts of oyer and terminer, general jail delivery and quarter sessions of the peace, shall take full stenographic notes of the testimony in all judicial proceedings in any trial of fact, at law or in equity, together with the judge's charge, and of any and every ruling, order, or remark of the trial judge, or judges, relating to the case on trial, made in the presence of the jury, in any stage of the proceedings, to which ruling, order or remark either party may except in the same manner and with the same effect as is now practiced in relation to the judge's charge; and upon any trial without a jury, shall likewise report the proceedings, including the testimony of all witnesses examined and matters offered in evidence, and the rulings of the court upon the admission or rejection thereof, and the findings of the court. And it shall also be the duty of such stenographers to take full stenographic notes of such other matters, in connection with the business of the courts as the judges of the respective courts, from time to time, may direct.

We concluded in *Mansfield* that the Act of May 1, 1907 remains in effect despite its repeal by the Judiciary Act of 1976, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 101 *et seq.*, because § 1722(a) of the Judicial Code provides that such repealed statutes were to be suspended only to the extent that they were inconsistent with rules proscribed under § 1722(a). Since no such inconsistent rule had been promulgated, we concluded that the necessary implication of this provision was that the statute in question was not suspended and still remains in effect, thus requiring a stenographic record of support hearings.

Thus, were we to have jurisdiction of this appeal, it would, nonetheless, be necessary for this court to reverse

the order of support and remand for a new trial at which "full stenographic notes of the testimony" would be taken in accordance with the Act of May 1, 1907, 17 P.S. § 1804, and *Mansfield*, since a meaningful appellate review in the absence of such a transcribed record is impossible. However, since the appellant has taken this appeal from an interlocutory order, we must quash the appeal with the recommendation to the Common Pleas Court that a *de novo* hearing be ordered to correct the inadequacy of the present record and to permit appellant, if necessary, the opportunity for meaningful appellate review. *See Commonwealth v. Doranzo*, 309 Pa.Super. 473, 455 A.2d 708 (1983); *Mansfield v. Lopez, supra; Witherow v. Witherow*, 288 Pa.Super. 519, 521 n. 1, 432 A.2d 634, 635 n. 1 (1981).

So ordered.