Kessler *v.* Cardonick, Appellant.

Argued March 26, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Theodore J. Segal,* for appellant.

*Gilbert I. Yaros,* with him *Kremer, Krimsky & Luterman,* for appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

Appellant contends that the lower court erred in dismissing his petition to open a judgment on the basis of failure to comply with the requirements of Pa. R. C. P. 209.[1]

Briefly, the appellee, plaintiff below, sued the appellant for recovery of money paid for the sale of an allegedly stolen automobile. The Complaint in Assumpsit was served personally on appellant's mother at her Philadelphia residence. No Answer or Entry of Appearance was filed. Three months later, on November 29, 1972, the appellee entered a default judgment. After notification of the default judgment, appellant filed a petition to open judgment, alleging that service of process was improper since he had moved to New Jersey with his family over a year prior to service. He, therefore, attacked the jurisdiction of

---

[1] Pa. R. C. P. 209 provides, in pertinent part: "If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer . . . the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

the lower court to enter the original judgment. Appellee filed a timely Answer to said Petition, alleging that appellant was, in fact, living with his mother at the address at which service was made, at the time of service of process. Appellant, in violation of Pa. R. C. P. 209, failed to support his Petition with either affidavits or depositions. Relying on the Pennsylvania Supreme Court decision in *Smith v. Dale*, 405 Pa. 293, 175 A. 2d 78 (1961), wherein the Court held that a party that fails to support a Petition to Open with depositions or affidavits in accordance with the provisions in Pa. R. C. P. 209 is deemed to have admitted all averments in the Answer which are responsive to his Petition, the Honorable Ned I. HIRSH dismissed appellant's Petition.

We agree with the appellant that the jurisdiction of the court in a matter before it may be raised at any time. It is also true, however, that jurisdiction of the person may be consented to or waived. *Tyson v. Basehore*, 222 Pa. Superior Ct. 572, 295 A. 2d 189 (1972); 1 Standard Pennsylvania Practice, *Courts* §§49-50 (1960).

In the instant case, appellant had various courses open to him by which he could raise the jurisdictional questions. He could have attacked the judgment in a collateral proceeding in his own state if execution was attempted; he could appeal directly to an appellate court from the default judgment raising the jurisdiction of the lower court to act where service of process was improper; or, he could have sought a stay of execution if property were levied against in Pennsylvania, asserting his defense for the first time. Each of these remedies involve certain procedural requirements delineated in both our Supreme Court and Local Rules. Appellant "elected" to proceed by way of a Petition to Open Judgment. In so doing, he was required to follow the procedure of supporting his Petition with appropriate affidavits or depositions. This he failed to do.

100

Appellant may not, on appeal, raise the previous jurisdictional defects since his election of remedies and his virtual admission of the averments in appellee's Answer are binding upon him. See, *Smith v. Dale,* supra; *Harper v. Quinlan,* 159 Pa. Superior Ct. 367, 48 A. 2d 113 (1946).

Order affirmed.