# Bloom *v.* Bloom, Appellant.

Argued November 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ronald J. Bua,* with him *Dane Critchfield,* for appellant.

*Herbert Grigsby,* with him *Thomson, Rhodes & Grigsby,* for appellee.

OPINION BY HOFFMAN, J., February 2, 1976:

The instant case presents an unusual factual situation: common pleas courts of two different counties presently have separate orders outstanding requiring appellant-husband to pay support to appellee-wife and the parties' two children. The circumstances leading up to this anomaly are set forth below.

On October 10, 1973, Alice Bloom, the appellee, filed a complaint in the Court of Common Pleas of Allegheny County, seeking support for herself and her two children from the appellant, Sigmund Bloom. Both parties resided in Allegheny County at that time. On January 17, 1974, the lower court, Judge ROSS presiding, entered an order directing the appellant to pay $1200.00 per month support. After a hearing on March 20, 1974, the lower court reduced its order to $600.00 per month. On June 5, 1974, the appellant petitioned the lower court for a further reduction in the amount of support; on June 11, 1974, the appellee cross-petitioned for an increase. A hearing was scheduled for June 26, 1974. Appellant, however, informed the lower court that he had changed his residence to Washington County and moved for a change of venue. On June 25, 1974, the lower court issued an *ex parte* order that transferred venue to Washington County. No appeal was taken from that order.

On July 10, 1974, the appellee initiated a new complaint for support in Allegheny County, which was transferred to Washington County Court pursuant to the June 25, 1974 order. After a hearing, the Washington County Court on August 27, 1974, fixed a support order in the amount of $375.00 per month. No appeal was taken from this order.

On November 27, 1974, the appellee filed a petition, before Judge Ross, for rule to show cause why the June 25, 1974 order transferring venue to Washington County should not be vacated. On January 9, 1975 Judge Ross vacated the June 25, 1974 order, and reinstated the Allegheny County support order in the amount of $600.00 per month.

This appeal is taken from Judge Ross's order vacating her earlier order which had transferred venue over the instant case to Washington County. Appellant contends that the appellee should have been precluded from contesting the order transferring venue because she failed to object at the time of the transfer and because she did not appeal the resulting support order.

Both parties agree that the Allegheny County Court of Common Pleas had jurisdiction to issue the initial and modified support orders because the parties resided in Allegheny County when these orders were issued. When the appellant moved his residence to Washington County, however, he petitioned the lower court for a change in venue. The lower court determined that both §2043.42 of the Civil Procedural Support Law[1] and §2043-35 of the Revised Uniform Reciprocal Enforcement of Support Act[2] required a change in venue because the parties

---

1. Act of July 13, 1953, P.L. 431, §1 et seq., as amended by the Act of August 14, 1963, P.L. 872, §1; 62 P.S. §2043.42. Section 2043.42 reads as follows: "If the court of the county acting as an initiating county finds that the complaint sets forth facts from which it may be determined that the defendant owes a duty of support or the defendant is in default in payment on an order of support and that the court of the responding county may obtain jurisdiction of the defendant or his property, it shall so certify to the responding county and shall cause three copies of (1) the complaint or order and (2) its certification to be transmitted to the court in the responding county."

2. Act of December 6, 1972, P.L. 1365, No. 291, §1 et seq., 62 P.S. §2043-35. Section 2043-35 reads, in part, as follows: " . . . If the court of the county in which the petition is filed finds that

resided in different counties. It, therefore, issued an order transferring venue to Washington County.

In view of the fact that venue was transferred, the appellee initiated new support proceedings in Washington County. A full hearing was held, and a support order in the amount of $375.00 per month was issued. The appellee did not file preliminary objections challenging the change in venue,[3] nor did she appeal the support order. Instead, on November 26, 1974, some five months after the order transferring venue was issued, she petitioned the Allegheny County Court to vacate its order transferring venue. Rule 1006(e) of the Pennsylvania Rules of Civil Procedure provides that "improper venue shall be raised by preliminary objections and if not so raised shall be waived." Appellee's motion to vacate the order transferring venue to Washington County was, in effect, an attack on Washington County's venue. Pursuant to Pa.R.C.P. 1006(e), however, the appellee waived all objections to Washington County's venue. The lower court, therefore, improperly granted appellee's motion to vacate.

Appellee argued in her petition to vacate that the order transferring venue should be vacated because

the petition sets forth facts from which it may be determined that the obligor owes a duty of support and finds that a court of another county in this State may obtain jurisdiction over the obligor or his property, the clerk of the court shall send the petition and a certification of the findings to the court of the county in which the obligor or his property is found. . . ."

3. Had the appellee filed preliminary objections and those objections were subsequently dismissed, she could have immediately appealed: ". . . appeals from the dismissal of preliminary objections which raise questions of jurisdiction and venue are appealable orders." *Colvin v. Somat Corporation*, 230 Pa. Superior Ct. 118, 121, 326 A. 2d 590, 591 (1974). See Pa.R.C.P. 1017(b)1 and 1451 (b)7; the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. III, §302, 17 P.S. §211.302. See also *Norman v. Norfolk and Western Railway Company*, 228 Pa. Superior Ct. 319, 322 n.3, 323 A.2d 850, 851 n.3 (1974).

Washington County was without subject matter jurisdiction to modify the support order issued by the Allegheny County Court of Common Pleas. We recognize that an objection to lack of subject matter jurisdiction can never be waived and may be raised at any stage in the proceedings by the parties or by the court on its own motion. See, e.g., *Commonwealth v. Little,* 455 Pa. 163, 314 A. 2d 270 (1974); *Daly v. Darby Township School District,* 434 Pa. 286, 252 A. 2d 638 (1969); *Commonwealth v. Mangum,* 231 Pa. Superior Ct. 162, 332 A. 2d 467 (1974); *Kissler v. Cardonick,* 229 Pa. Superior Ct. 97, 323 A. 2d 378 (1974); 1 Standard Pennsylvania Practice, Courts §51. Before we can determine whether Washington County had subject matter jurisdiction, however, the support order issued by that court must be challenged. The appellee did not object to subject matter jurisdiction at the hearing in Washington County, nor did she appeal that order. The Washington County order of support, therefore, is not before us, and the issue of whether Washington County had subject matter jurisdiction to issue its support order cannot now be decided.[4]

The order of the lower court is reversed.

JACOBS, J., concurs in the result.

---

4. Regarding the subject matter jurisdiction of the Washington County Court, see, however, §2043.40 of the Civil Procedural Support Act, supra. See also *Commonwealth ex rel. Soloff v. Soloff,* 215 Pa. Superior Ct. 328, 257 A. 2d 314 (1969); *Commonwealth ex rel. Hickey v. Hickey,* 216 Pa. Superior Ct. 332, 264 A. 2d 420 (1970).