Commonwealth ex rel. Yentzer *v.*
Carpenter, Appellant.

Submitted September 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John A. Duvall,* for appellant.

*Harold B. Fink, Jr.,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., March 29, 1976:

The issue presented in the instant appeal is not novel. Once again this Court must determine whether a suit for support of an illegitimate child pursuant to the Civil Procedural Support Law[1] can be maintained in the absence of a prior criminal determination of paternity,[2] a waiver by the putative father of his right to have paternity determined in a criminal proceeding, or an admission of paternity.

The facts are not disputed. On January 22, 1974, appellee brought an action for support of an illegitimate child in which she named appellant as the father. Appellant denied paternity and presumably requested that he be tried by a jury. At trial on May 16, 1974, appellant asked the lower court to charge that appellee had the burden of proving paternity beyond a reasonable doubt, but the court instructed the jury that paternity need be proved only by a preponderance of the evidence. Appellant contends that the charge was erroneous.

Pennsylvania precedent compels the conclusion that appellant be discharged for the simple reason that the court below did not have jurisdiction over the subject matter of this dispute.[3]

It is necessary to set forth again the history of this confusing area of the law. The original enactment of the Civil Procedural Support Law did not include a duty to support a child born out of wedlock. In 1963, however,

---

1. Act of July 13, 1953, P.L. 431, as amended, Act of August 14, 1963, P.L. 872, 62 P.S. §2043.31 et seq.

2. Act of December 6, 1972, P.L. 1482, No. 334, §1; 18 Pa. C.S. §4323.

3. The lack of subject matter jurisdiction can never be waived and may be raised at any stage in the proceedings by the parties, or by the court on its own motion. See, e.g., *Commonwealth v. Little*, 455 Pa. 163, 314 A. 2d 270 (1974); *Daly v. Darby Township School District*, 434 Pa. 286, 252 A. 2d 638 (1969); *Bloom v. Bloom*, 238 Pa. Superior Ct. 246, 362 A.2d 1024 (1976); *Commonwealth v. Mangum*, 231 Pa. Superior Ct. 162, 332 A.2d 467 (1974).

the support law was amended to include within the definition of "duty of support," "any duty of support imposed or imposable by ... prosecution for failure to support a child born out of lawful wedlock..."[4] In *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A. 2d 859 (1968), a complaint was filed pursuant to the Civil Procedural Support Law. The lower court denied the putative father's request for a jury trial and issued a support order without making a finding of paternity. The Supreme Court reversed, holding that the 1963 amendment did not indicate that the legislature intended to "dispense with a jury determination of paternity." 431 Pa. at 486, 246 A. 2d at 863.

In *Commonwealth v. Jacobs*, 220 Pa. Superior Ct. 31, 279 A. 2d 251 (1971), our Court addressed the situation of a putative father who did not desire a jury trial in a criminal setting. We held that *Dillworth* does not prohibit civil jurisdiction unless the putative father has demanded trial by jury: *"Dillworth* emphasizes the defendant's *right* to such trial and the corollary proposition that this right may not be summarily refused even after the enactment of the 1963 amendment.... The Court in its brief opinion did not decide or even mention whether there were any impediments to trying the issue of paternity civilly under the procedure set out in The Pennsylvania Civil Procedural Support Act where the defendant wished to be so tried. Further, the Court emphasized throughout its opinion that it was not holding the 1963 Amendment either unconstitutional or without effect. As a specific example of when the Act could be utilized the Court referred to the instance in which the putative father admitted paternity but disputed the amount of support.... We read the above as indicative of the Supreme Court's intention to interpret the 1963 Amendment as conferring substantive as well as procedural jurisdiction in the lower court. This

---

4. Act of August 14, 1963, P.L. 872, §1; 62 P.S. §1043.32.

interpretation would give substantive effect to the Act so long as it in no way attempted to preempt a defendant's right to demand a trial by jury and the ancillary protections of the criminal proceeding. It would also give the law as great an effect as possible by allowing the putative father to have his alleged paternity determined under the Act, if he so chooses." 220 Pa. Superior Ct. at 36-37, 279 A. 2d at 253-254. Thus, we held that if the defendant chooses a civil determination of paternity, he waives his right to trial by jury, "and all other protections ancillary to criminal proceedings including the right to have guilt proven 'beyond a reasonable doubt.' " 220 Pa. Superior Ct. at 38, 279 A. 2d at 254. This principle was recently reaffirmed in *Commonwealth ex rel. Lonesome v. Johnson,* 231 Pa. Superior Ct. 335, 339, 331 A. 2d 702 (1974), where we upheld the support order issued by the lower court because the "evidence [was] more than sufficient to meet the civil standard of proof required to find paternity..." The defendant in *Lonesome* was not entitled to a higher standard of proof because he expressly requested a civil hearing with a jury to determine the issue of paternity.

Further support for the proposition that the putative father cannot be deprived of a criminal trial on the issue of paternity absent an admission or express waiver is our Court's negative response to the question of whether a civil action could be maintained when the statute of limitations for a criminal action had expired. In *Commonwealth ex rel. Kolodziejski v. Tancredi,* 222 Pa. Superior Ct. 436, 295 A. 2d 174 (1972), the complainant filed under the Civil Procedural Support Law. A hearing was held at which the defendant denied paternity, and the lower court ordered that appellant be held for court on criminal charges, but proceedings were delayed until the Supreme Court decided *Commonwealth v. Dillworth,* supra. Subsequently, the defendant petitioned to have all criminal proceedings against him dismissed on the ground that the statute of limitations had expired. We

held that a complaint filed pursuant to the Civil Procedural Support Law did not toll the statute of limitations on bastardy charges, and, therefore, dismissed the criminal charges. After our decision, the complainant again filed suit under the Civil Procedural Support Law. The defendant denied paternity and demanded that he be tried in a criminal procedure by a jury. Thereupon, the lower court dismissed the complaint. On appeal, we affirmed without opinion. *Commonwealth ex rel. Kolodziejski v. Tancredi*, 230 Pa. Superior Ct. 710, 326 A. 2d 532 (1974), allocatur refused January 15, 1975. Thus, it is reasonable to state that a civil action cannot be maintained absent a waiver or admission if the criminal statute of limitations has expired.

The Dissenting Opinion does not contend that appellant has waived his rights to criminal safeguards; in fact, its disposition presumes that he has not. What the Dissent suggests is a hybrid proceeding: an action pursuant to the Civil Procedural Support Law but a criminal standard of proof on the issue of paternity. This is similar to the procedure suggested by former Judge PACKEL in his Dissenting Opinion in the first *Tancredi* case, and again by Judge PRICE in a Concurring and Dissenting Opinion in *McConnell v. Schmidt*, 234 Pa. Superior Ct. 400, 339 A. 2d 578 (1975), order vacated and appeal quashed, 463 Pa. 118, 344 A.2d 277 (1975).[5] It has

---

5. In *McConnell v. Schmidt*, supra, the defendant petitioned the lower court to dismiss an action brought under the Civil Procedural Support Law because the statute of limitations on the criminal charge had expired. The court denied the petition and ordered that paternity be decided in a civil proceeding. The father appealed. Although the order was interlocutory, a majority of our Court believed that we should address the merits. Judge JACOBS filed a Dissenting Opinion in which WATKINS, P.J., and CERCONE, J., joined, expressing the view that the appeal should be quashed. This view was upheld by the Supreme Court. On the merits, however, a majority of the Court voted to reverse. Judge PRICE's suggestion of a hybrid proceeding was joined only by Judge VAN DER VOORT. The Supreme Court did not address the merits.

never been adopted by an appellate court of this Commonwealth, and was impliedly rejected by our decision in the second *Tancredi* case. No authority is cited for employment of such an irregular procedure.

While the rights of the illegitimate child are certainly not to be discounted, the amendment to the Civil Procedural Support Law, as interpreted by our Court and the Supreme Court, places the putative father in a difficult procedural posture because, as defendant, he has no control over the forum. If the statute of limitations on the criminal charge has expired, the decision in the second *Tancredi* case precludes the maintenance of a civil suit. If it has not, the complainant has the option of asking the District Attorney to file a criminal complaint, or of filing a complaint under the Civil Procedural Support Law. The case law, however, provides that a criminal proceeding on the issue of paternity is mandatory absent an express waiver by the defendant. Thus, if the complainant proceeds civilly, and the father demands a jury trial and otherwise seeks to preserve the safeguards afforded by due process, the civil court is without jurisdiction to proceed. This is logical. If the complainant files a civil action, the putative father is powerless to demand that a criminal action be instituted. The most he can do is attempt to preserve his rights and thereby negate the civil suit. The complainant, on the other hand, is in a position to avoid these problems. It should be obvious to the complainant's attorney, especially when the complainant is represented by the District Attorney as in the instant case, that absent an admission or express waiver, the better course from the complainant's standpoint is to file a criminal complaint. All rights of the complainant will then be preserved: if the defendant desires a criminal determination, the case will proceed on the paternity issue and the defendant will have all the safeguards inherent in a criminal trial; if the defendant requests that a civil hearing be held, he will

have waived his criminal rights.[6] The burden should be on the complainant and her attorney, not on the defendant, because it is the complainant that has the power to choose the forum.

The instant case is merely *McConnell v. Schmidt*, without the difficulty of an interlocutory appeal. A majority of our Court held in that case that a hybrid proceeding should be designated by the legislature or Supreme Court rule, and not by decision of this Court alone. The same reasoning applies here.

Order reversed and appellant ordered discharged.

---

6. If the defendant does not waive his right to trial by jury, and the jury determines beyond a reasonable doubt that he is the father, it may not be necessary for the complainant to then file a civil suit for support. Under the Crimes Code, failure to support a bastard is a misdemeanor of the third degree. 18 Pa.C.S. §4323(a). However, §4323(c) provides that before trial, after a plea of guilty, or after conviction, "instead of imposing the fine provided by this title, or in addition thereto, the court having regard to the circumstances and to the financial capacity of the defendant, may make an order, subject to change from time to time, as circumstances may require, directing the defendant to pay a certain sum periodically, for such time and to such person as the court may direct. The court shall have the power to suspend the sentence provided in this section, and release the defendant from custody on probation, in the manner provided in section 4322 of this title (relating to support orders), if the defendant has entered into a recognizance, in such sum, with or without surety, as the court shall direct, for compliance with such order."

DISSENTING OPINION BY PRICE, J.:

On January 22, 1974, appellee, Jennylou Yentzer, brought an action for support of an illegitimate child under The Pennsylvania Civil Procedural Support Law.[1] The appellant, Gary Carpenter, defendant in the above action, denied paternity. On May 16, 1974, a jury found the appellant to be the father of the appellee's child. The appellant requested a charge to the jury requiring proof

---

1. Act of July 13, 1953, P.L. 431, *as amended*, Act of August 14, 1963, P.L. 872 (62 P.S. §2043.31) *et seq.*

of paternity beyond a reasonable doubt, but the court instructed the jury that the burden of proving paternity was by a preponderance of the evidence. The only question raised on this appeal is whether it is reversible error, in a case of disputed paternity, for the judge to instruct the jury that the plaintiff requires only a preponderance of the evidence to establish paternity. For the reasons which follow, I would hold that such a charge is reversible error.

The 1963 Amendment to The Pennsylvania Civil Procedural Support Law made, *inter alia*, the following change: Under "Duty of Support," the category "prosecution for failure to support a child born out of lawful wedlock" was added.[2] Illegitimate children, not previously protected by this statute, were thus brought within its purview. In *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A.2d 859 (1968), the Pennsylvania Supreme Court interpreted this amendment, holding that it "was not intended by the legislature to discard the right to a jury trial in the determination of paternity, but, rather the act becomes operative only after a finding of paternity by prior criminal proceedings under The Penal Code." 431 Pa. at 484, 246 A.2d at 861.

The holding in *Dillworth, supra,* has been expanded by subsequent decisions. This court, in *Commonwealth ex rel. Kolodziejski v. Tancredi*, 222 Pa. Superior Ct. 436, 440, 295 A.2d 174, 176 (1972), states that "[s]ince the Civil Procedural Support Law contains no provision for trial by jury, *Dillworth* has been interpreted as requiring a criminal proceeding to determine paternity, with all the safeguards for the rights of the defendant that a criminal proceeding implies." Earlier, in *Commonwealth v. Jacobs*, 220 Pa. Superior Ct. 31, 279 A.2d 251 (1971), this court concluded that *Dillworth, supra,* did not require criminal proceedings in all cases of disputed paternity, but that *"Dillworth* held that the protections

2. Act of August 14, 1963, P.L. 872, §1 (62 P.S. §2043.32).

inherent in a criminal trial could not be abrogated by the court and that the putative father was entitled to a trial by jury where he insisted upon enforcing that right." 220 Pa. Superior Ct. at 36, 279 A.2d at 253.

In the present case, the appellant disputed paternity and a jury trial was held.[3] *Dillworth, supra, Tancredi, supra,* and *Jacobs, supra,* all stand for the proposition that in a case of disputed paternity, the defendant has the right not only to a jury trial, but also to the ancillary safeguards provided in criminal proceedings, including the requirement that guilt be proved beyond a reasonable doubt.

*Commonwealth v. Jacobs, supra,* makes the following exception to the above-stated rule: "Where a defendant *chooses* a civil determination, he will be deemed to have fully waived his jury trial rights and all other protections ancillary to criminal proceedings including the right to have guilt proven 'beyond a reasonable doubt.' " 220 Pa. Superior Ct. at 38, 279 A.2d at 254.

This exception was applied where the defendant expressly chose a civil rather than a criminal determination, on the rationale that the defendant waived the inherent protections of a criminal proceeding in return for the preclusion of an otherwise possible criminal conviction.

The mere choice of a forum, however, be it Civil Division, Criminal Division or Family Division, is not the principal factor in determining whether criminal protections attach. It is the defendant's knowing and intelligent election of a civil proceeding, and his corresponding *waiver* of criminal protections, including the stricter burden of proof, that creates the exception.

Further, it is not determinative to this holding whether a defendant may or may not, as a result of an

---

3. Because the record does not reveal a written motion for a jury trial, I assume that a jury trial was granted pursuant to an oral demand by the appellant.

adverse verdict, have a criminal conviction upon his record.

In any case involving disputed paternity the defendant is entitled to the inherent protections of a criminal proceeding unless such protections are clearly waived. On the facts herein, appellant was entitled to a jury instruction requiring proof of paternity beyond a reasonable doubt.

The order of the lower court should be reversed and the case should be remanded for a new trial.

WATKINS, P.J., and VAN DER VOORT, J., join in this dissenting opinion.