**Commonwealth ex rel. Cassarella
v. Mason**

*Pasco L. Schiavo,* for plaintiff.
*Charles R. Pedri,* for defendant.

TOOLE, *J.,* December 28, 1979—In this paternity action, defendant contests the constitutionality of the legislative act involved and the legal sufficiency of the trial.

Michelle Cassarella (hereinafter referred to as complainant) filed a complaint under The Pennsylvania Civil Procedural Support Law[1] seeking support for Leigha Marie Cassarella, her daughter, and against John Mason (hereinafter referred to as defendant), who she alleges is the father. Defendant denied paternity, and on February 12, 1979, after waiving a jury trial, was tried before the Honorable Patrick J. Toole, Jr. On February 13, 1979, the trial judge declared that the fair preponderance of the evidence established that defendant was the father of the minor child. Defendant's motion for a new trial is now before the court for determination.

Defendant presents two issues for this court's consideration:

1. Whether The Pennsylvania Civil Procedural Support Law is, in this case, an ex post facto law and thus in violation of Art. I, sec. 10 of the United States Constitution, and Art. I, sec. 17 of the Pennsylvania Constitution,[2] and

---

1. July 9, 1976, P.L. 586, sec. 6704, added April 28, 1978, P.L. 202, sec. 10 (88), effective June 27, 1978. See also 42 Pa.C.S.A. §6704.

2. The U.S. Constitution provides: "No state shall . . . pass any . . . ex post facto Law. . . ." The Pennsylvania Constitution similarly provides that: "No ex post facto law . . . shall be passed."

2. If constitutional, is the verdict supported by the required standard of proof.

The child in this case, conceived within ten days before or after April 10, 1976, was born on January 22, 1977. Defendant allegedly provided support for said child at various times beginning at birth and continuing until Christmas of 1977. The complainant initiated no proceedings to determine paternity or secure support from defendant until this complaint was filed on June 29, 1978. This complaint was filed pursuant to a 1978 amendment of the Civil Procedural Support Law which became effective two days before, that is, June 27, 1978. This delay in initiating the paternity proceedings laid the basis for the constitutional objections to these proceedings.

Prior to June 27, 1978, paternity had to be established in a criminal proceeding and could be the subject of a civil proceeding only if agreed to by the putative father: Com. ex rel. Yentzer v. Carpenter, 240 Pa. Superior Ct. 202, 362 A. 2d 1101 (1976). In such a proceeding, the Commonwealth was required to establish paternity by proof beyond a reasonable doubt: Com. v. Dillworth, 431 Pa. 479, 246 A. 2d 859 (1968); Com. v. Jacobs, 220 Pa. Superior Ct. 31, 279 A. 2d 251 (1971).

On April 28, 1978, P.L. 106, the Civil Procedural Support Law was amended when the legislature added the following subsections which became effective June 27, 1978:

"(e) All actions commenced under this section shall be brought within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be brought at any time

within two years of any such contribution or acknowledgement by the reputed father.

"(f) An action commenced under this act shall be a civil action in accordance with the Rules of Civil Procedure. Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be by the court without a jury unless either party demands trial by jury. The trial, whether or not a trial by jury is demanded, shall be a civil action and there shall be no right to a criminal trial on the issue of paternity. The burden of proof shall be by a preponderance of the evidence."

It is clear that if the complainant initiated a paternity action prior to June 27, 1978, that the proceedings would have been criminal in nature and the burden of proof required would have been beyond a reasonable doubt. By waiting until the new provisions became effective, the burden of proof of paternity was, in effect, reduced from the strict standard applied in all criminal cases to the lesser standard of a "preponderance of the evidence." Defendant argues that this statutory alteration of the rules authorizes a finding of paternity upon less proof than was required when the child was conceived, born, or when the last payment of support was made and as such renders the law constitutionally defective as an ex post facto law. We disagree.

In Com. v. Riley, 253 Pa. Superior Ct. 260, 264, 384 A. 2d 1333, 1335 (1978), the court stated that in general, one of the following criteria must obtain before a statute, or the application thereof, will be held invalid as an ex post facto law:

". . . (1) The law makes an act criminal which was not criminal when done; (2) The law aggra-

vates a crime, or makes it greater than it was when committed; (3) The law changes a punishment, and makes it greater than it was when the punishable act was committed; and (4) The law alters the rules of evidence and requires less or different testimony than the law required at the time the offense was committed, in order to convict." Of the foregoing, it can be seen that only the fourth standard is arguably offended in this case.

The difficulty with defendant's argument is that it ignores the fact that the proceedings here are civil in nature and not criminal. Defendant has not been charged with a crime, nor has he been convicted of any criminal offense because of a change in the rules or an alteration of the standard of proof. The distinction is critical to defendant's argument for it is well established that the term ex post facto as used in the Constitutions of the United States and Commonwealth of Pennsylvania is limited to penal statutes: Teachers' Tenure Act Cases, 329 Pa. 213, 234, 197 Atl. 344 (1938).

A similar constitutional attack on a paternity statute was dismissed in Corley v. Moore, 236 Md. 241, 203 A. 2d 697 (1964), wherein the court noted: "The suggestion that this would make the law an ex post facto one is without merit, since the new proceeding is not criminal, but civil."

A similar attack was also rejected in Smith v. Smith, 281 P. 2d 274, 277 (1955), the court holding that the Support Act involved was civil in nature and that the constitutional prohibition of an ex post facto law related to penal and criminal legislation and therefore was not applicable.

In view of the fact that the proceedings are civil in nature, we have no hesitancy in holding that applying the 1978 amendments to this case does not give

the Pennsylvania Civil Procedural Support Law an impermissible ex post facto effect.

We turn now to the second issue raised by defendant, namely, the sufficiency of the evidence. In this regard, we are satisfied that paternity has been established by a fair preponderance of the evidence. A brief review of the testimony will illustrate the basis for our conclusion.

Defendant was a plant manager for a company which also employed complainant. They first met in April of 1976, and according to complainant, engaged in sexual intercourse on two occasions at their first meeting. Two weeks later they engaged in sexual intercourse again on two occasions, once at her apartment and later at her sister's home. Complainant discovered that she was pregnant at the beginning of June, 1976, and discussed the matter with defendant who advised her to have an abortion. On January 20, 1977, complainant delivered a full term baby. According to complainant, defendant paid half of the medical bills and periodically gave her money throughout 1977 in varying amounts, the last contribution being received during Christmas of 1977. Complainant also testified that at various times subsequent to the birth of the baby that defendant visited her apartment and played there with the child. Complainant testified she had no sexual relationships with anyone other than defendant from the period of March 1, 1976, until the time she learned that she was pregnant.

A sister of the complainant verified that complainant and defendant had come to her home and had been left alone in the living room at or about the time when the parties are alleged to have had intercourse together.

Defendant testified in his own behalf and admitted knowing complainant, admitted having been

with her on the occasions testified to, but denied that he had had sexual relations with complainant at any time, and further denied that he had ever supported the child.

The trial judge had the opportunity to observe the parties and the witnesses, and after hearing all of the evidence presented, concluded that the testimony on behalf of the complainant was more credible than that offered by or on behalf of defendant. We have no legal or factual basis to disturb the court's finding or its verdict.

Accordingly, we enter the following

### ORDER

Defendant, John Mason's motion for a new trial in the above-captioned matter is denied.