## Frey v. Kindt

*Gerald I. Roth,* for complainant.
*James B. Martin,* for defendant.

DIEFENDERFER, *J.*, August 13, 1980—This case comes before the court pursuant to defendant's motion for judgment on the pleadings in accordance with Pa.R.C.P. 1034. Said motion was filed with the court on February 27, 1980. Argument in this matter was heard by the court on April 16, 1980.

Complainant, Lois E. Frey, filed a civil action for support in this matter on October 1, 1979, pursuant to appropriate provisions of the Judicial Code, 42 · Pa.C.S.A. §6701 et seq., alleging that defendant, Andrew G. Kindt, fathered her illegitimate child. On February 12, 1980 an amended answer and new matter were filed by defendant.

The child, Brian K. Frey, was born on September 7, 1977. Defendant has denied paternity and has demanded trial by jury. After all parties hereto had submitted themselves to blood tests, which proved inconclusive, this matter was set down for trial for the term of court commencing January 21, 1980. Defendant thereafter filed a petition seeking the dismissal of this cause of action for want of proper jurisdiction.

Pursuant to former practice, the complainant in a paternity action had the option of pursuing the civil remedy under The Pennsylvania Civil Procedural Support Act[1] or proceeding with a criminal action under the Pennsylvania Crimes Code. If complainant elected to proceed civilly and if defendant denied paternity and demanded a jury trial, case law required that the issue of paternity be determined in a criminal proceeding. A civil action could not be maintained if the statute of limitations for the criminal charge had expired: Com. ex rel. Yent-

1. Act of July 13, 1953, P.L. 431, sec. 1, as amended, 62 P.S. §2043.31 et. seq.

zer v. Carpenter, 240 Pa. Superior Ct. 202, 362 A. 2d 1101 (1976).

Defendant argues that under prior practice any action for child support begun pursuant to The Pennsylvania Civil Procedural Support Act, but nevertheless filed within the statute of limitations period for criminal nonsupport,[2] entitled the defendant to be tried under the rules pertaining to criminal law. Therefore, the defendant had the right of a jury trial and the burden of proof placed on the complainant was to prove the paternity of such a child beyond a reasonable doubt. Defendant further argues that any action for the support of a child born prior to the repeal of the aforementioned criminal statute[3] had to be brought within two years of the birth of the child. Hence, since the child in this case was born September 7, 1977, and complainant did not institute her action until October 1, 1979, she was, therefore, barred from bringing such an action pursuant to the aforementioned section of the Judicial Code.

The Judicial Code provides with respect to the applicability of the Statutory Construction Act of 1972 that "[t]he provisions of 1 Pa.C.S. §1952 and 1 Pa.C.S. §1974 shall apply to all acts of the 1977-1978 General Assembly . . . insofar as it relates to Title 42 of the Pennsylvania Consolidated Statutes. . . ." (See official notes preceding 42 Pa.C.S.A. §101.) Section 1952 of the Statutory Construction Act, 1 Pa.C.S.A. §1952, states:

"Whenever any existing statute, incorporated into and repealed by a code, is also amended by

_____

2. See Act of December 6, 1972, P.L. 482, No. 334, sec. 1, 18 Pa.C.S.A. §4323.

3. See Act of April 28, 1978, P.L. 106, No. 46, sec. 3, effective in 60 days, i.e., June 27, 1978.

other legislation enacted at the same General Assembly, such separate amendment shall be construed to be in force, notwithstanding the repeal by the code of the statute such other legislation amends, and such amendment shall be construed to prevail over the corresponding provisions of the code."

Defendant argues that section 1952 of the Statutory Construction Act is inapplicable. Defendant relies upon the reasoning of Com. v. Flashburg, 237 Pa. Superior Ct. 424, 352 A. 2d 185 (1975). That case involved the codification of the Crimes Code and the lack of a provision concerning restitution.

The Superior Court held that such a provision was not incorporated in the Crimes Code and the amendments to it were not saved by virtue of the repealer. However, in this case, a substantial reenactment of the Civil Procedural Support Act was incorporated in the Judicial Code and, therefore, pursuant to section 1952, the prior amendments to the Civil Procedural Support Act are preserved and have full force and effect. Section 1952 of the Statutory Construction Act is not a provision involving a question of conflicting interpretation. Rather, it is a provision preserving the amendatory provisions of repealed acts which have been incorporated in a new code. The language in section 1952 appears clear in this regard.

The Civil Procedural Support Act has likewise been repealed[4] and reenacted in substantially the same form in the Judicial Code as heretofore cited. The effective date of the provisions of the Judicial Code is June 27, 1978. It is important to note at this time that the official note given after section 6704 of the Judicial Code states the following:

4. See Act of April 28, 1978, P.L. 202, sec. 2(a), effective June 27, 1978, 42 P.S. §20002 [1291].

"Former section 5 of the act of July 13, 1953 (P.L. 431, No. 95), from which section 6704 was derived, was amended April 28, 1978, No. 46, effective in 60 days, by adding subsecs. (e) and (f). These subsections, which are to be given effect in construing section 6704, read as follows:

'(e) All actions commenced under this section shall be brought within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be brought at any time within two years of any such contribution or acknowledgment by the reputed father.

'(f) An action commenced under this act shall be a civil action in accordance with the Rules of Civil Procedure. Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be by the court without a jury unless either party demands trial by jury. The trial, whether or not a trial by jury is demanded, shall be a civil action and there shall be no right to a criminal trial on the issue of paternity. The burden of proof shall be by a preponderance of the evidence.'"

It appears to this court that the repeal of the criminal statute and the Civil Procedural Support Act, both being effective June 27, 1978 and the reenactment of the civil provisions within the Judicial Code, also effective June 27, 1978, were not purely coincidental. The court determines that the legislature was fully aware of its actions and meant to completely integrate actions for the support of an illegitimate child. Certainly, the legislature did not intend that a mother of an illegitimate child was to be left without a remedy and foreclosed from bring-

ing a support action after two years of the child's birth, when the child was born prior to June 27, 1978, since the Judicial Code provides that effective June 27, 1978 actions can be commenced within six years after the birth of the child. Any other interpretation of these provisions would produce an absurd result, which certainly, the legislature did not intend.

The more difficult argument presented by defendant is the effect of section 1974 of the Statutory Construction Act, 1 Pa.C.S.A. § 1974, which states as follows:

"Whenever a statute repeals any provision of another statute incorporated into a code adopted by the same General Assembly, the statute repealing the provision so incorporated into the code shall be construed to effect a repeal of the corresponding provision of the code."

Defendant argues that since the Civil Procedural Support Act was both repealed and incorporated into the Judicial Code, the civil procedural support sections were also repealed. The court in Com. v. Flashburg, supra, stated at 431, fn.6, 352 A. 2d at 188, fn.6:

"The question then becomes whether a court, as a matter of interpretation, can correct this error. Because we conclude, for other reasons, that neither Section 4 nor § 1952 apply in this case, *we do not reach this difficult question.*" (Emphasis supplied.)

Unfortunately, this difficult question is now presented squarely to this court as the legislature has specifically stated that section 1974 of the Statutory Construction Act is applicable to the interpretation of the provisions of the Judicial Code.

Defendant's reliance on section 1974 of the Statutory Construction Act has been wrongly interpreted by defendant. Section 1974 applies when there has been a repeal of *"any provision of another statute"* which is then repealed. It is not applicable in situations where the entire act has been repealed and then incorporated into the Judicial Code. Section 1974 is meant to apply where there has been a specific repeal of what would have been another provision added to the Civil Procedural Support Act which would have been then incorporated into the Judicial Code. Such an additional provision would have then been repealed pursuant to section 1974. However, this is not the case with respect to the repeal of the Civil Procedural Support Act and its incorporation in the Judicial Code.

The court notes, however, that section 1922(1) of the Statutory Construction Act provides that the General Assembly did not intend a result that is absurd, impossible of execution or unreasonable. See Summit School, Inc. v. Com. 43 Pa. Commonwealth Ct. 623, 402 A. 2d 1142 (1979). This provision empowers the court to resolve statutory ambiguities by determining the true intent of the legislature. The legislature, in enacting any statute, is presumed not to have intended a result which is absurd, illogical or unreasonable: Goodman v. Kennedy, 459 Pa. 313, 329 A. 2d 224 (1974).

In conclusion, to grant defendant's motion would effectuate an absurd, unreasonable and unjust result in that such an interpretation of statutory authority would circumvent the right of complainant to bring an action for child support. The court cannot, and will not, construe the applicable statutory authorities to this end. Therefore, defendant's motion is denied.

## ORDER

Now, August 13, 1980, for the reasons stated in the attached opinion, it is hereby ordered that defendant's motion for a judgment on the pleadings is denied.