## Heltman v. Leone

*Ted McKnight, district attorney,* for the Commonwealth.

*Frank S. Miceli,* for defendant.

MYERS, *P.J., specially presiding,* January 10, 1991—Plaintiff initiated the instant action by filing a complaint for support on behalf of her minor child, Nathaniel, born November 5, 1976. Hearing was held before this court on May 21, 1990, at which time the parties stipulated that plaintiff and defendant had attended a previous hearing before the Mill Hall district justice in 1977 and defendant was found not guilty for lack of evidence of paternity. That district justice hearing was criminal in nature. Counsel also informed the court that the official court records from this earlier district justice proceeding have apparently been lost, misplaced or destroyed and cannot be located in the Prothonotary's Office, Domestic Relations Office or the Mill Hall District Justice Office.

Defendant raised several procedural issues at the aforesaid hearing before this court. Following submission of briefs, those procedural issues are presently before us for disposition.

Defendant makes the following arguments:

(1) The trial court lacks subject matter jurisdiction to hear the civil complaint and therefore this action should be barred.

(2) Res judicata or collateral estoppel bar the instant civil action.

(3) The instant civil action is barred by the statute of limitations.

When this action was originally instituted in 1977, the law provided that paternity and any subsequent support determinations be initiated by a criminal proceeding which first determined paternity. On April 28, 1978, the General Assembly amended the Civil Procedural Support Law. The amended act abolished criminal actions to determine paternity and provided that the issue of paternity is to be resolved in a civil proceeding. The amended act further provided that it did not apply to prosecutions already commenced prior to the effective date of the amended act. Section 3 of the amended act provides:

"(a) Section 4323 of the Title 18, act of November 25, 1978 (P.L. 707, No. 230), known as the Pennsylvania Consolidated Statutes is repealed, except that prosecutions already commenced under that section on the effective date of this act shall not be affected by this repeal."

The criminal action in the instant case was commenced prior to the effective date of the amendment to the Civil Procedural Support Law. Hence, the prior case law is applicable here. *Jackson v. Moultrie,* 288 Pa. Super. 252, 431 A.2d 1033 (1981).

Therefore, we must apply the law in this case as it stood in 1977.

Prior to the 1978 amendment to the Civil Procedural Support Law, the case law provided that the civil court was without jurisdiction to proceed once a criminal action to determine paternity was commenced. *Jackson v. Moultrie supra.* See *Commonwealth ex rel. Yentzer v. Carpenter,* 240 Pa. Super. 202, 362 A.2d 1101 (1976). The case law further provided that where the criminal action was dismissed, the civil court was without jurisdiction to thereafter determine paternity. *Matthews v. Cuff,* 254 Pa. Super. 65, 385 A.2d 526 (1978); *Commonwealth ex rel. Czuryla v. Toscano,* 264 Pa. Super. 216, 399 A.2d 744 (1979).

In an instant action the criminal action was commenced prior to the Civil Procedural Support Law amendments and the prior case law is applicable. The criminal action was dismissed and therefore the civil court is without jurisdiction to determine paternity. Therefore, this court is without jurisdiction to make a paternity determination. Accordingly, plaintiff's action must be dismissed.

The above renders the remaining issues moot.

## ORDER OF COURT

And now, January 10, 1991, it is hereby ordered that plaintiff's case be dismissed for lack of subject matter jurisdiction.