Commonwealth *v.* Mangum, Appellant.

Submitted April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*W. Parker Ruddock,* Public Defender, and *Fisher, Ruddock & Simpson,* for appellant.

*Robert C. Early,* Assistant District Attorney, and *W. Thomas Malcolm,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., December 11, 1974:

Appellant pleaded guilty to burglary and was sentenced to prison for two and a half to seven years and to pay costs and a fine of $100. The court below states

in its opinion that "[t]he facts in this case are that this defendant, along with three other defendants, were caught in the Post Office at Robinson at an early hour after the State Police had been notified that there were people breaking into the Post Office building. All of the defendants in the case could hardly do anything else than plead guilty as they were caught as we would say 'red-handed.'" The only issue appellant raises is that his sentence, while legal, is excessive under the circumstances. We do not reach this issue.

State courts have no jurisdiction over crimes committed in most federal buildings:

"The jurisdiction of this State is hereby ceded to the United States of America over all such pieces or parcels of land, not exceeding ten acres in any one township, ward or city, or borough, within the limits of this State, as have been or shall hereafter be selected and acquired by the United States for the purpose of erecting post offices, custom houses or other structures, exclusively owned by the general government, and used for its purposes:....

"The jurisdiction so ceded to the United States of America is granted upon the express condition that the Commonwealth of Pennsylvania shall retain concurrent jurisdiction, with the United States in and over the lands and buildings aforesaid, in so far that civil process in all cases, and such criminal process as may issue under the authority of the Commonwealth of Pennsylvania against anyone charged with crime *committed outside said land,* may be executed thereon in the same manner as if this jurisdiction had not been ceded. . . ."

[The power to tax the land is also reserved.] Act of June 13, 1883, P.L. 118, §1, as last amended April 17, 1945, P.L. 235, §1, 74 P.S. §1. (Emphasis added.)

The lack of subject matter jurisdiction cannot be waived, even by a guilty plea, and it may be raised at

any time by the parties or the court, including an appellate court. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974); *Daly v. Darby Twp. School Dist.*, 434 Pa. 286, 252 A.2d 638 (1969). Since the Act of 1883, *supra*, cedes "[t]he jurisdiction of this State" to the United States, Pennsylvania's criminal statutes do not apply to a ceded area any more than to a sister state. Although the court below did have jurisdiction over appellant's person (any objection to that jurisdiction was waived by appellant's plea), we question whether it had jurisdiction over the crime.[1]

We cannot answer this question because we cannot determine from the record whether the post office in which appellant was arrested was "exclusively owned by the general government, and used for its purposes," or otherwise met the conditions of the Act. The record will therefore be remanded for determination of this issue. If the post office was within the Act, the judgment of sentence should be vacated; if it was not, the record may be returned here for prosecution of the appeal.

The record is remanded with a procedendo.

---

[1] Burglary of a post office is a federal crime. 18 U.S.C.A. §2115. *See also Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), which deals with the question of concurrent jurisdiction when part of the crime takes place off federal property.