480 A.2d 326

**COMMONWEALTH of Pennsylvania**

v.

**Norman Fred PENNINGTON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1984.

Filed Aug. 17, 1984.

Anthony DeDola, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Com., appellee.

Before POPOVICH, HOFFMAN and LIPEZ, JJ.

HOFFMAN, Judge:

In this appeal from the denial of his Post-Conviction Hearing Act (PCHA) petition, appellant challenges the Commonwealth's subject matter jurisdiction and trial counsel's effectiveness. We find no merit in appellant's claims and, accordingly, affirm the lower court's order.

Appellant was arrested on May 18, 1981 for burglarizing a Fayette County post office, and charged with burglary, theft, criminal mischief and receiving stolen property. Following a jury trial commencing on August 5, 1981, appellant was found guilty of burglary and theft, and not guilty of criminal mischief; the receiving stolen property charge was nolle prossed. He was subsequently sentenced to a term of imprisonment of eleven-and-one-half-to-twenty-three months. Trial counsel filed post-verdict motions but they were later withdrawn with appellant's signed consent. Appellant thereafter filed a pro se PCHA petition which, after the appointment of counsel, was denied by the lower court, prompting this appeal.

 Appellant contends first that the Commonwealth did not have subject matter jurisdiction over a crime committed in a United States post office.* In this instance, we disagree. 74 P.S. § 1 provides, in pertinent part:

> The jurisdiction of this State is hereby ceded to the United States of America over all such pieces or parcels of land, ... within the limits of this State, as have been or shall hereafter be selected and acquired by the United States for the purpose of erecting post offices ..., *exclusively owned by the general government*, and used for its purposes....

---

* The question of subject matter jurisdiction cannot be waived. *See Commonwealth v. Mangum*, 231 Pa.Superior Ct. 162, 164, 332 A.2d 467, 468 (1974).

(Emphasis added). In *Commonwealth v. Mangum*, 231 Pa.Superior Ct. 162, 332 A.2d 467 (1974), this Court determined that, although under 74 P.S. § 1, the Commonwealth has no jurisdiction over crimes committed in most federal buildings, the pivotal question is "whether the post office in which appellant was arrested was 'exclusively owned by the general government, and used for its purposes,' or otherwise met the conditions of the Act." *Id.*, 231 Pa.Superior Ct. at 165, 332 A.2d at 468. In *Mangum*, the record was remanded for a determination of the nature of the post office in question. Here, however, the record clearly reveals that the Leckrone, Fayette County post office is privately owned and merely leased by the federal government. Accordingly, the building is not "exclusively owned by the general government," 74 P.S. § 1, and the Commonwealth may, therefore, take jurisdiction of a crime occurring therein.

Appellant's remaining contentions, that counsel was ineffective for failing (1) to request a mistrial upon learning that one juror may have been prejudiced against appellant; (2) to ask for a continuance when certain alibi witnesses did not appear; and (3) to object to the introduction of perjured testimony, have been adequately addressed in and disposed of by the lower court's opinion.

Affirmed.