J-S51043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY JAN MOSER, JR. | |
| Appellant | No. 3744 EDA 2015 |

Appeal from the PCRA Order November 25, 2015
in the Court of Common Pleas of Carbon County
Criminal Division at Nos.: CP-13-CR-0000181-2014
CP-13-CR-0000673-2013
CP-13-CR-0000970-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 01, 2016**

Appellant, Larry Jan Moser, Jr., appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  We affirm.

The background of this case is a procedural quagmire due chiefly to Appellant's myriad *pro se* filings.  We recite only the pertinent background that we glean from the PCRA court's opinion and our review of the certified record.  In fact, although the appeal in this matter nominally relates to cases at three separate docket numbers, in reality Appellant's issues involve only

_____

[*] Retired Senior Judge assigned to the Superior Court.

case number 673-2013. Therefore, we will confine our recitation of the facts to that case.

On July 11, 2013, Appellant entered into a counseled stipulation with the Commonwealth in which he agreed to plead guilty to simple assault in the second degree ("negligently causes bodily injury to another with a deadly weapon").[1] In exchange, the Commonwealth dismissed the remaining charges, which included, most significantly, aggravated assault. (*See* Stipulation, 7/11/13). On August 15, 2013, with the assistance of court-appointed counsel, Appellant signed a guilty plea and a written plea colloquy, and pleaded guilty in open court pursuant to the stipulated terms.[2]

---

[1] 18 Pa.C.S.A. § 2701(a)(2).

[2] Specifically, the Commonwealth recited the following facts to which Appellant agreed:

> [O]n April 26 of 2013, Chief [Neal A.] Ebbert of the Lehighton Police Department was dispatched to the area of the Lehigh Trestle for a fight involving several people. He was met by Michael Taschler who was bleeding from the shoulder. Taschler stated that [Appellant] had stabbed him in the shoulder. Witnesses on scene corroborated that story. The knife was recovered in Weissport. [Appellant] identified the knife as his and as being used in the assault.

(N.T. Guilty Plea Hearing, 8/15/13, at 7; *see id.* at 8; *see also* PCRA Court Opinion, 2/08/16, at 12 n.14 (identifying the Lehigh Trestle as a railroad bridge that crosses the Lehigh River)).

(*See* Guilty Plea, 8/15/13; Guilty Plea Colloquy, 8/15/13, at unnumbered page 6; N.T. Guilty Plea Hearing, 8/15/13, at 4, 8).

On November 14, 2013, the trial court scheduled sentencing for December 17, 2013. However, Appellant fled to Chatham County, Georgia, where he remained until August 2014, when he was arrested pursuant to a bench warrant issued by the trial court. Appellant was immediately extradited to Carbon County, Pennsylvania.

On October 28, 2014, the trial court held a sentencing hearing. Pursuant to Appellant's request that he receive a state sentence of incarceration rather than county because he did not like the food in the county correctional facility, the court honored his request and sentenced him to a term of not less than three nor more than six months' incarceration in a state facility.[3] (*See* N.T. Sentencing, 10/28/14, at 25-26). Appellant did not file a timely direct appeal.[4]

---

[3] This sentence was to be served consecutively to the sentence of not less than nine nor more than eighteen months' incarceration imposed in case number 970-2012, in which Appellant had pleaded guilty to unsworn falsification to authorities. This resulted in a total aggregate sentence of not less than twelve nor more than twenty-four months' incarceration in a state facility.

[4] On April 9, 2015, Appellant filed an untimely direct appeal *pro se*. This Court returned the notice of appeal to Appellant's trial counsel on October 9, 2015. (*See* Letter, 10/09/15 (returning Appellant's notice of appeal pursuant to *Commonwealth v. Jette*, 23 A.3d 1032 (Pa. 2011))). The Court quashed the appeal on October 23, 2015.

In January 2015, Appellant filed, *inter alia*, a timely *pro se* PCRA petition, and an untimely post-sentence motion for modification of sentence. On January 27, 2015, the court appointed PCRA counsel. On February 12, 2015, Appellant filed an untimely post-sentence motion to dismiss the indictment due to a lack of signature. Appointed counsel filed a **Turner**/**Finley**[5] no-merit letter on March 27, 2015. On March 30, 2015, the court denied the two post-sentence motions after a hearing and issued a Rule 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. **See** Pa.R.Crim.P. 907(1).

Appellant filed an objection to counsel's petition to withdraw on April 16, 2015 and, on May 29, 2015, he filed a *pro se* amended PCRA petition without court permission. On August 3, 2015, the PCRA court granted counsel leave to withdraw. On November 25, 2015, the court denied Appellant's petition. On December 7, 2015, Appellant filed a timely notice of appeal. On December 8, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On December 10, 2015, Appellant filed a *pro se* Rule 1925(b) statement in which he raised thirty issues. On December 11, 2015, Appellant filed an application for appointment of appellate PCRA counsel,

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

which the court granted on December 28, 2015. After receiving PCRA court approval, appellate counsel filed an amended Rule 1925(b) statement on February 3, 2016, raising only four issues. On February 8, 2016, the court filed an opinion in which it concluded all thirty of Appellant's original alleged errors were waived, but, as a precaution, distilled the thirty claims into twelve issues that it then reviewed. (**See** PCRA Ct. Op., at 10-11); **see also** Pa.R.A.P. 1925(a).

Appellant raises four questions for this Court's review.

1. Whether the trial court had jurisdiction to hear the case indexed to CR-673-2013 when the alleged incident occurred on federal property[?]

2. Whether [Appellant's] plea was valid when the criminal information was amended without his knowledge resulting in him pleading guilty to the offense in CR-673-2013[?]

3. Whether [Appellant's] [plea] . . . and PCRA counsel . . . were ineffective[?]

4. Whether the [PCRA] court erred in denying [Appellant's] PCRA [petition] without a hearing when he timely requested the right to a hearing [to] present subpoenaed witnesses[?]

(Appellant's Brief, at 3).

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . .

- 5 -

*Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations, quotation marks, and brackets omitted).

In his first issue, Appellant challenges the legality of his sentence by arguing that the trial court did not have jurisdiction over his case because his offense occurred on the Lehigh Trestle, which he alleges is federally-owned land. (*See* Appellant's Brief, at 8-9). Appellant's claim does not merit relief.[6]

In making his argument, Appellant relies on the language contained in 74 P.S. § 1, Jurisdiction of state ceded to the United States, in certain cases. (*See* Appellant's Brief, at 8). "The interpretation of a statute is a pure question of law, and therefore our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Felder*, 75 A.3d 513, 515 (Pa. Super. 2013), *appeal denied*, 85 A.3d 482 (Pa. 2014) (citation omitted).

_____

[6] Generally, we would deem Appellant's issue waived for his failure to raise it on direct appeal. *See* 42 Pa.C.S.A. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been . . . waived."); 42 Pa.C.S.A. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). Likewise, Appellant fails to provide properly developed argument. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 371-72 (Pa. Super. 2008) (finding issue waived where not properly developed with pertinent discussion and citation to authority in support thereof); (*see also* Appellant's Brief, at 8-9); Pa.R.A.P. 2119(a)-(b). However, because a challenge to subject matter jurisdiction cannot be waived, *see Commonwealth v. Mockaitis*, 834 A.2d 488, 494 n.2 (Pa. 2003), we will address the merits of Appellant's claim.

It is well-settled that "[a]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." ***Commonwealth v. Miskovitch***, 64 A.3d 672, 688 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013) (citation omitted). However, pursuant to 74 P.S. § 1, "[s]tate courts have no jurisdiction over crimes committed in most federal buildings[.]" ***Commonwealth v. Mangum***, 332 A.2d 467, 468 (Pa. Super. 1974). Specifically, 74 P.S. § 1 states, in pertinent part:

> The jurisdiction of this State is hereby ceded to the United States of America over all such pieces or parcels of land, not exceeding ten acres in any one township, ward or city, or borough, within the limits of this State, as have been or shall hereafter be selected and acquired by the United States **for the purpose of erecting post offices, custom houses or other structures**, exclusively owned by the general government, and used for its purposes[.] . . .
>
>          \*    \*    \*
>
> The jurisdiction so ceded to the United States of America is granted **upon the express condition that the Commonwealth of Pennsylvania shall retain concurrent jurisdiction**, with the United States in and over the lands and buildings aforesaid, in so far that . . . such criminal process as may issue under the authority of the Commonwealth of Pennsylvania against anyone charged with crime committed outside said land, may be executed thereon in the same manner as if this jurisdiction had not been ceded. . . .

74 P.S. § 1 (emphases added); (***see also*** Appellant's Brief, at 8).

Here, Appellant utterly fails to meet his burden of proving his claim. The record is devoid of any evidence that the bridge at issue is federal property. (***See*** PCRA Ct. Op., at 16). Indeed, our independent review of

- 7 -

the applicable law reveals that section 1 has only been applied to cede jurisdiction to the federal government in criminal matters where the conduct complained of occurred in a federally owned **building**.  *See, e.g.*, *Mangum*, *supra* at 468 (applying section 1 to criminal conduct in a federal post office).   Therefore, because Appellant provides absolutely no pertinent authority or evidence supporting a claim that the Lehigh Trestle is federal property or otherwise a structure contemplated by section 1, and we are not aware of any, we conclude that Appellant's first claim does not merit relief.

In the remainder of Appellant's issues, other than providing boilerplate law for general legal principles, Appellant utterly fails to provide pertinent legal citation or discussion.  (**See** Appellant's Brief, at 9-14).   Indeed, the sum total of his "discussion" of these issues is a recitation of the facts in the light most favorable to him, followed by conclusions that his issues are meritorious.  (**See id.**).   Therefore, Appellant's remaining issues are waived. **See B.D.G.**, *supra* at 371-72; Pa.R.A.P. 2101, 2119(a)-(b).   Moreover, to the extent we can discern his arguments, they would not merit relief.

In his second issue, Appellant maintains that, although "he agreed to the stipulation grading the [simple assault] offense as a misdemeanor of the second degree, there was considerable testimony at the sentencing hearing that [he] believed that the grading should have been under the mutual consent portion of the statute."  (Appellant's Brief, at 11).

It has long been the law in this Commonwealth that:

> [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. . . . Moreover, [t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made.

*Commonwealth v. Reid*, 117 A.3d 777, 782-83 (Pa. Super. 2015) (citations and quotation marks omitted); *see also Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) ("A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.") (citation omitted).

In this case, it appears that Appellant is attempting to secure PCRA relief on the basis of "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty **and the petitioner is innocent**." 42 Pa.C.S.A. § 9543(a)(2)(iii) (emphasis added); (*see also* Appellant's Brief, at 11). However, at no time, either in this Court or in the trial court, did Appellant represent that he is innocent. In fact, he admitted that he assaulted the victim. (*See* N.T. Guilty Plea Hearing, 8/15/13, at 8). Therefore, he is not entitled to PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(2)(iii). Additionally, there is no evidence of any unlawful inducement, in spite of Appellant's claim that, although he stipulated to the grading of the simple assault charge as a

misdemeanor of the second degree, "he believed that there was an agreement with the Commonwealth that the criminal information would be amended to reflect [his] understanding" that the "grading should have been under the mutual consent portion of the statute." (Appellant's Brief, at 11).

This argument is belied by the record, which does not contain any evidence to support Appellant's claim. Appellant signed a stipulation, a written guilty plea, and a guilty plea colloquy form in which he agreed to plead guilty to simple assault as a misdemeanor of the second degree in exchange for the Commonwealth dropping all other charges, including aggravated assault. (*See* Stipulation, 7/11/13; Guilty Plea, 8/15/13; Guilty Plea Colloquy, 8/15/13, at unnumbered page 6). Also, at sentencing, Appellant's counsel, Kent Watkins, Esquire, confirmed that the agreement was that the Commonwealth would drop the **aggravated assault** charge, if Appellant pleaded guilty to simple assault with a weapon. (*See* N.T. Sentencing, 10/28/14, at 8-9; *see also* N.T. Guilty Plea Hearing, at 8). The written stipulation signed by Appellant supports this understanding. (*See* Stipulation, 7/11/13).

Hence, based on our independent review of the record, we agree with the PCRA court that "there is no evidence of record to suggest that . . . [Appellant's] guilty plea[ was] 'illegally induced.'" (PCRA Ct. Op., at 24); *see Reid*, *supra* at 782-83; *McCauley*, *supra* at 922. Therefore, Appellant's second issue would lack merit.

In his third issue, Appellant maintains that his trial counsel was ineffective. (**See** Appellant's Brief, at 11-13).[7] This issue also would lack merit.

It is well-settled in this Commonwealth that:

[C]ounsel is presumed effective, and a [petitioner] bears the burden of proving otherwise. In order to be entitled to relief on a claim of ineffective assistance of counsel, the PCRA petitioner must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) counsel whose effectiveness is at issue did not have a reasonable basis for his action or inaction; and (3) the PCRA petitioner suffered prejudice as a result of counsel's action or inaction.

**Commonwealth v. Steele**, 961 A.2d 786, 796-97 (Pa. 2008) (citing **Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001)) (most citations omitted). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the **Pierce** test, the claim may be disposed of on that basis alone . . . ." **Id.** at 797 (citation omitted). Furthermore, "a petitioner must set forth and individually discuss substantively each prong of the **Pierce** test." **Id.** (citations omitted).

In this case, Appellant maintains that, because he questioned the grading of the simple assault charge before sentencing, trial counsel was ineffective in neither advising him of the implications of pleading guilty nor

_____

[7] Appellant's statement of questions involved also alleges the ineffectiveness of his original PCRA counsel. (**See** Appellant's Brief, at 3). However, Appellant has completely abandoned this allegation in the argument section of his brief. (**See id.** at 11-13). Therefore, we will not address this claim.

filing a timely post-sentence motion on his behalf. (**See** Appellant's Brief, at 12-13). However, he fails to address **any** of the **Pierce** prongs, or provide any other support for his bald claim that counsel was ineffective. He does not even argue that he asked counsel to file a post-sentence motion or explain of what counsel was supposed to advise him in terms of the sentence's implications. (**See id.**). Appellant's merely conclusory claims do not satisfy his burden of establishing ineffectiveness. **See Steele**, **supra** at 796-97; **see also Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) ("[B]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request.") (citation omitted).

Accordingly, we conclude that the PCRA court properly found that Appellant has failed to meet his burden of pleading and proving counsel's ineffectiveness by satisfying the three prongs of the **Pierce** test. **See Steele**, **supra** at 796-97; **Ousley**, **supra** at 1244. Appellant's third issue would not merit relief.

In his fourth claim, Appellant argues that the PCRA court erred in denying his petition without a hearing. (**See** Appellant's Brief, at 13-14). This issue would not merit relief.

It is well-settled that "there is no absolute right to a hearing pursuant to the PCRA. A petition for post-conviction relief may be denied without a

hearing when the court determines that there are no genuine issues concerning any material fact, and that the petitioner is not entitled to relief." ***Commonwealth v. Camps***, 772 A.2d 70, 75 (Pa. Super. 2001) (citations omitted); ***see*** Pa.R.Crim.P. 907.

Here, in its Rule 907 notice, the court advised Appellant that it intended to dismiss his PCRA petition without a hearing, in part on the basis of PCRA counsel's ***Turner***/***Finley*** letter. (***See*** Rule 907 Notice, 3/30/15). The letter exhaustively addressed Appellant's issues, and found that they lacked merit where Appellant stipulated that he would plead guilty to second degree simple assault; signed a written guilty plea; completed a written plea colloquy; entered a knowing, voluntary, and intelligent guilty plea in open court; failed to provide any evidence of another written stipulation evidencing an agreement to a lower simple assault grading; and the record lacked support for an ineffectiveness of counsel claim. (***See Turner***/***Finley*** No Merit Letter, 3/27/15, at 2-6).

After our independent review of the record, we agree that it supports the PCRA court's finding that Appellant failed to establish a genuine issue of material fact. ***See Camps***, ***supra*** at 75. Indeed, although Appellant maintains that the PCRA court's dismissal of his petition without a hearing was in error where he had witnesses whom he would have subpoenaed to testify, he fails to identify exactly what these individuals would have said on his behalf, or how they would have created a genuine issue of material fact.

(*See* Appellant's Brief, at 14). It is not our duty to act as Appellant's counsel and develop an argument on his behalf. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015). Therefore, we conclude that Appellant's fourth issue would lack merit, and that the PCRA court properly exercised its discretion when it denied his PCRA petition without a hearing. *See Rigg*, *supra* at 1084.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2016

- 14 -