J-S03037-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BLAIR JAMES STEWARD | : | |
| | : | |
| Appellant | : | No. 800 MDA 2025 |

Appeal from the Judgment of Sentence Entered May 15, 2025
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-SA-0000006-2025

BEFORE: DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: FEBRUARY 10, 2026**

Blair James Steward ("Steward") appeals from the judgment of sentence imposed following his conviction for the summary offense of disorderly conduct.[1] We vacate the judgment of sentence and remand for further proceedings.

The trial court summarized the relevant factual and procedural history of this matter as follows:

> The incident in question occurred on December 18, 2024, at a U.S. Postal Service facility 2013 West Market Street in East Buffalo Township, Union County. The facility, known as a carrier annex, does not have post office boxes[,] but is open for the public to pick up mail by appointment.
>
> According to [Steward's] supervisor at the facility, Jose Jininez[ ("Jininez")], [Steward] arrived late to work on the day in question and was aggravated because a certain route was given to another carrier. Apparently not liking Mr. Jininez's explanation

---

[1] **See** 18 Pa.C.S.A. § 5503(a)(1).

about what had happened, [Steward] charged at Mr. Jinenez with balled fists while the men were in the facility's outdoor parking lot alongside West Market Street. He was very upset and red in the face and screaming at Mr. Jininez as if he were looking to fight. This testimony by Mr. Jinenez was corroborated by two co-workers (describing [Steward's] anger, red face, screaming, charging and clenched fists). [Steward] backed off but then charged at Mr. Jininez a couple more times. That's when Mr. Jinenez finally told [Steward] to get his stuff and go home.

[Steward] testified on his own behalf. In short, [he] acknowledged having an argument with Mr. Jininez on the day in question, and merely described it in less dramatic terms as the other witnesses.

[On May 15, 2025, t]he court found [Steward] guilty of disorderly conduct as charged under [section] 5503(a)(1). In doing so, the court found that the testimonies of the Commonwealth's witnesses were credible, and that [Steward's] testimony did not negate their testimony.

Trial Court Opinion, 8/11/25, at 1-2 (unnecessary capitalization omitted). On May 16, 2025, the trial court entered a sentencing order reflecting the judgment of sentence. Steward filed a timely notice of appeal,[2] and both he and the trial court complied with Pa.R.A.P. 1925.

_____

[2] Steward was required to file his notice of appeal within thirty days after the entry of the sentencing order on May 16, 2025. **See** Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). However, because the thirtieth day fell on a Sunday, Steward had until the following day, Monday June 16, 2025, in which to file his notice of appeal. **See** 1 Pa.C.S.A. § 1908 (providing that weekends and legal holidays are excluded from the computation of time when the last day of the appeal period falls on a weekend or legal holiday). Accordingly, as Steward filed his notice of appeal on June 16, 2025, it is timely.

Steward raises the following issue for our review: "Did error occur where the evidence was insufficient to convict, as [Steward] did nothing more than engage in heated conversation at a location that was not open to the public and should, in fact, have been considered federal jurisdiction?" Steward's Brief at 5.

We initially address Steward's challenge to the trial court's subject matter jurisdiction over this case. A court's lack of subject matter jurisdiction cannot be waived, and it may be raised at any time by the parties or the court, including an appellate court. *See Commonwealth v. Mangum*, 332 A.2d 467, 468 (Pa. Super. 1974).

It is well-settled that all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code. *See Commonwealth v. Miskovitch*, 64 A.3d 672, 688 (Pa. Super. 2013). However, state courts have no jurisdiction over crimes committed inside most federal buildings based on the Act of June 13, 1883 ("the Act"). *See Mangum*, 332 A.2d at 468. The Act provides in relevant part as follow:

> *The jurisdiction of this State is hereby ceded to the United States of America over all such pieces or parcels of land*, not exceeding ten acres in any one township, ward or city, or borough, within the limits of this State, as have been or shall hereafter be *selected and acquired by the United States for the purpose of erecting post offices, custom houses or other structures, exclusively owned by the general government, and used for its purposes*: Provided, that an accurate description and plan of such lands, so acquired, verified by the oath of some officer of the general government having knowledge of the facts, shall be filed with the Department of

Internal Affairs of this State, as soon as said United States shall have acquired possession of the same.

* * * *

The jurisdiction so ceded to the United States of America is granted upon the express condition that the Commonwealth of **Pennsylvania shall retain concurrent jurisdiction, with the United States in and over the lands and buildings aforesaid**, in so far that civil process in all cases, and such criminal process as may issue under the authority of the Commonwealth of Pennsylvania **against anyone charged with crime committed outside said land**, may be executed thereon in the same manner as if this jurisdiction had not been ceded. The United States shall retain such jurisdiction so long as the said land shall be used for the purposes for which jurisdiction is ceded and no longer.

74 P.S. § 1 (emphasis added).

The Act makes clear that the Commonwealth of Pennsylvania has ceded jurisdiction to the federal government for crimes committed within parcels of land acquired by the United States for the purpose of erecting post offices, custom houses or other structures, and which are exclusively owned by the federal government, and used for its purposes. *See id*.

In **Mangum**, the appellant pleaded guilty to burglary of a post office in Indiana County, Pennsylvania. In addressing whether the post office fell under the Act, such that subject matter jurisdiction over the crime had been ceded to the federal government, this Court observed that the pivotal question was "whether the post office in which appellant was arrested was 'exclusively owned by the general government, and used for its purposes,' or otherwise met the conditions of the Act." **Mangum**, 332 A.2d at 468. The **Mangum** Court determined that it could not answer these questions because the record

- 4 -

was devoid of such information. *See id*. Accordingly, this Court remanded for the trial court to determine if the post office was subject to the Act. *See id*.

Conversely, in ***Commonwealth v. Pennington***, 480 A.2d 326 (Pa. Super. 1984), where the appellant burglarized a post office in Fayette County, the record clearly revealed that the post office was privately owned and merely leased by the federal government. *See id*. at 327. Accordingly, this Court determined that because the building was not exclusively owned by the federal government, the Commonwealth had jurisdiction over crimes occurring therein. *See id*.

Here, the record indicates that the incident in question occurred at a United States postal facility located at 2013 West Market Street in Lewisburg, in the facility's outdoor parking lot where the postal employees load their vehicles. *See* N.T., 5/15/25, at 7, 8.

However, as in ***Mangum***, the record before us provides no information on the central question of whether the post office and its outdoor parking lot are exclusively owned by the federal government and used for its purposes, or if these properties otherwise meet the conditions of the Act. ***See Mangum***, 332 A.2d at 468. Indeed, the trial court acknowledges that "the record is devoid of any evidence that the federal government intended to exercise exclusive jurisdiction over crimes occurring at this postal facility . . . [or] whether the federal government owns this facility[,] or whether it is privately

- 5 -

owned and leased by the federal government." Trial Court Opinion, 8/11/25, at 4-5.

Given our inability to determine whether the subject postal facility and its attendant outdoor parking lot are subject to the Act, and the trial court's acknowledgment that the record is devoid of the information necessary to make such a determination, we are constrained to vacate the judgment of sentence and remand this matter to the trial court. Upon remand, the trial court shall determine: (1) whether the post office and its outdoor parking lot are exclusively owned by the federal government and used for its purposes, or if such premises otherwise meet the conditions of the Act; and accordingly (2) whether the Commonwealth has or does not have jurisdiction over crimes occurring therein. To aid in this determination, the trial court may conduct hearings, receive evidence and argument from the parties, direct the parties to submit briefs, or take such further action as may be necessary. Depending on whether the trial court concludes that it has or does not have subject matter jurisdiction over this matter, the court shall thereafter either reimpose the judgment of sentence or vacate the conviction.

Judgment of sentence vacated. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026